# Hays *et al. v.* Ahlrichs *et al.*

*Bill in Equity to enjoin the Carrying out of a Contract entered into by County Commissioners.*

1. *Probate judge; can not maintain suit in his official capacity to prevent public abuses.*—A judge of probate, in his official capacity, can not sue for the correction or prevention of public abuses, committed or threatened by other officers of the county or individuals; and a bill filed for such purposes, in which the judge of probate in his official capacity is joined as complainant, is demurrable for misjoinder of parties.

2. *Injunction of county improvement; insufficiency of averments of collusion in bill.*—Where a bill is filed to restrain the erection of a vault in a county court-house, for the building of which the commissioners' court of the county entered into a contract, the averments in the bill that said contract was made by collusion or agreement between the contractors and the county commissioners, who were made his co-respondents, or some of them, in order to give said contractor an undue advantage in the erection of the vault over any other persons, to the great damage and injury of the county, is insufficient as averring collusion between the contractor and the county commissioners in the making of the contract, in that it does not set out any facts

[Hays *et al.* v. Ahlrichs *et al.*]

constituting the alleged collusion, but states only the conclusion of the pleader.

3. *Same; same.*—The averments in such a bill that the contract was made by collusion between the contractor and one of his co-respondents, who, while acting in the capacity of commissioner of said county, "was interested in said contract to such extent, at least, that he influenced the other commissioners of said county to make said contract against the interest of the county," shows no private interest of said commissioner in the contract, and is insufficient as charging collusion between him and the contractor.

4. *County improvement; authority of commissioners; when exercise thereof can not be questioned.*—Where the county commissioners, sitting as the commissioners' court, act within the limit of their authority and in good faith, in letting a contract for county improvement, their action in making said contract can not be assailed.

5. *Same; incompetency of county commissioners can not be questioned in collateral proceedings.*—The incompetency of county commissioners can not be inquired into in a collateral proceeding, as by a bill filed to restrain the erection of a vault in a county court-house, under a contract made by the court of county commissioners within the scope of their authority.

6. *Injunction of county improvement; insufficiency of averments of bill.*—Where a bill is filed to restrain the erection of a vault in a county court-house, which was contracted for by the court of county commissioners, on the alleged ground of fraud and collusion between the contractor and the county commissioners in the making of said contract, the averments therein that the county commissioners "are trespassing upon said court-house building and the occupancy of the officers of the county occupying rooms in said court-house, to the great damage and injury of said building and said county," are mere conclusions of the pleader upon which no issue can be raised in the case, and are, therefore, subject to demurrer.

7. *Same; same.*—The averments in a bill filed to restrain the erection of a vault in a county court-house, which was contracted to be built by contract entered into with the court of county commissioners, that the commissioners who let the contract "were imposed upon by false and fraudulent representations made to them" by the contractor and one of the county commissioners, "as to the character, quality and cost of the material of said vault, and that the three commissioners other than" the one alleged to be interested with the contractor, relied upon such other commissioner explicitly and the statements of the contractor as to the cost and character of said vault and the material thereof, are insufficient as setting forth a ground for granting the relief prayed for, since such averment does not show with sufficient definiteness what false and fraudulent representations were made by the contractor and the said commissioner as to the character, quality and cost of the material for the vault; and a demurrer to the bill pointing out the defect of such averments is properly sustained.

[Hays et al. v. Ahlrichs et al.]

8. *Commissioners' court; validity of act done at an adjourned term.* The commissioners' court of a county may lawfully adjourn a term to some future day before the beginning of the next regular term, and orders made or acts done at such adjourned term are of the same validity as if made or done on the day of the regular meeting prescribed by law.

APPEAL from the Chancery Court of Cullman.

Heard before the Hon. W. H. SIMPSON.

The bill in this case was filed on December 29, 1896, by A. B. Hays, as judge of probate of Cullman county, Alabama, P. H. Kinney, S. M. Rudder and other resident citizens and tax payers of Cullman county, Alabama, against Alvin Ahlrichs, W. A. Schlosser, C. B. Wilhite, P. W. Wiley and T. J. Tingle.

The bill as originally filed, was in words and figures as follows :   "First. That heretofore, to-wit, on or before the 13th day of November, 1896, the respondents, except Alvin Ahlrichs, undertook to make a contract with the said Alvin Ahlrichs for the erection of a vault in one of the rooms of the court house of Cullman county, Alabama, at the price of $2,200, the county to build in addition the foundation to said vault; and complainants allege that said contract, as they are informed and believe, is void, and that said persons had no authority in law or fact to make said contract, and complainants further allege, upon information and belief, that said contract was made outside of any regular term of court and not during the action of said court as a commissioners court of Cullman county, in session, and without authority of law.   Complainants attach hereto as a part of this bill, which is hereby referred to and made a part of this bill of complaint, exhibits 'A' and 'B,' which show the orders of said court, purporting to act as commissioners of Cullman county, except the specifications of said vault, which said specifications are not signed by any one and do not show any contract between the commissioners court of Cullman county and said Alvin Ahlrichs.

"Second. Complainants further allege that exhibit 'B' hereto attached purports to set out a contract made between the commissioners court of Cullman county, Alabama, and said Ahlrichs, for the erection of said vault, according to plans and specifications recorded at said special term of said court, on the 1st day of Decem-

ber, 1896, and complainants allege that said persons as members of the commissioners court of Cullman county, Alabama, had no authority of law to make said contract at said time and place; that said special term of court was not held according to law, no notice having been given for ten days as required by law, and no reason existing for the calling of said court as required by law, and no authority given to said persons to transact the business attempted to be transacted by them at said term.

. "Third. Complainants further allege that said vault proposed to be built will not be safe or convenient for the keeping of the records of Cullman county, Alabama, and that said vault or a much better vault can be built for a thousand or fifteen hundred dollars less than is proposed to be given for the erection of the same.

"Fourth. Complainants further allege that by the erection of said vault according to the plans and specifications, and as is attempted to be erected, that the court-house of Cullman county will be weakened, its strength impaired and its convenience destroyed to a very great extent, and that said building will be weakened to such an extent that it will be unsafe for occupancy and use for a court-house for said county. And complainants further allege that said attempted contract was made in face of an act of the legislature requiring all such contracts to be made with the lowest bidder after· due notice given, in order that there might be competition between bidders to the benefit of the county, which said act had been introduced in the legislature of Alabama before said attempted contracts were attempted to be made by said commissioners or persons attempting to act as commissioners.

"Fifth. Complainants further allege upon information and belief that said contract or agreement was made by collusion or agreement between said Ahlrichs and his co-respondents or some of them, in order to give said Ahlrichs an undue advantage in the erection of vault over any other persons, to the great damage and injury of the county, and that the appropriation which will be required to be made in payment of the erection of said vault and expenses incident thereto will be a misappropriation of the funds of the county, and unnecessarily

increase the burden of taxation to the people of the county, and tax-payers of the county.

"Sixth. Complainants further allege that no bond was required from said Ahlrichs or other persons for the erection of said vault, and that said proposed contracts are contrary to public policy and public interest to the county, and to the safety and convenience ·of the court-house of said county, and not to the interest of the county or the tax payers thereof.

"Seventh. Complainants·allege upon information and belief that said purported contracts were made by collusion between said Ahlrichs and his co-respondent W. A. Schlosser who, while acting or attempting to act in the capacity of a commissioner of Cullman county, Alabama, was interested in said contract to such an extent, at least, that he influenced the other commissioners of said county to make said attempted contract against the interests of the county. And complainants further allege that, judging.from the action of the commissioners herein referred to, they are incompetent, not possessing the business qualification and discretion necessary to fully represent the interests of the county in important trans-·actions involved in the prosperity of the county.

"Eighth. Complainants further allege that W. A. Schlosser, Alvin Ahlrichs, their servants, agents, or employés are now proceeding to erect said vault and are tearing down the facing, destroying, ruining and injuring one of the rooms of said court-house, and contemplate the destruction of others, and complainants allege that under the proceedings attempted to authorize said destruction, they are trespassing upon said court-house building and the occupancy of the officers of the county occupying rooms in said court-house, to the great damage and injury of said building and said county.

"Ninth. Complainants further allege that the persons hereinbefore named as commissioners of Cullman county, are weak and inexperienced persons, not familiar with the business or character or costs of vaults, and that they were imposed upon by false and fraudulent representations made to them by Alvin Ahlrichs and W. A. Schlosser, who is the contractor and carpenter, as to the character, quality and costs of the material of said vault, and that three commissioners, other than said Schlosser relied upon him explicitly and the statements of said

Ahlrichs as to the cost and character of said vault and the material thereof. And complainants allege upon information and belief that eight hundred dollars would be a big price for the erection of said vault in the event no damage is done to the court-house by the erection of the same."

The prayer of the bill was "that a temporary injunction issue restraining the defendants, their servants, agents or employès, sub-contractors or other persons from the erection of said vault; that any further injury, damages or destruction of said court-house or any portion of the same, or trespass upon the same, through the pretext of erecting said vault, and that upon a final hearing of this cause, said injunction be made perpetual, and for such other and further relief as justice and equity may suggest."

Upon the execution of a bond as directed by the chancellor a temporary injunction was issued as prayed for in the bill. The respondents filed their several answers to the bill, denying the material allegations thereof and these answers were sworn to. Each of the respondents demurred to the bill, and for causes of demurrer assigned the following: "*First.* Because of a misjoinder of parties plaintiff, in this, in joining the complainant, Asa. B. Hays, as the judge of probate of Cullman county, with the other complainants therein in their individual capacity. *Second.* Because no community of interest is shown between said complainant Hays in his official capacity with the other defendants in their individual capacity. *Third.* Because said Hays as the probate judge of said county has no such interest in the matter of litigation in said bill as will allow him to be a party thereto. *Fourth.* To the second paragraph of said bill, because there is and can be no issue raised upon the facts set up therein. *Fifth.* To third and fourth paragraphs of said bill, because the matters set up therein give no right to any one to file said bill; the matters set up therein being peculiarly matters of discretion of said commissioners court. *Sixth.* To the fifth paragraph of the said bill, because the facts constituting said collusion are not set out therein, and what is said therein is but a mere conclusion of the pleader; and because the expenditure of money for said purpose is within the discretion of said court of county commis-

sïoners. ·*Seventh*. To the sixth paragraph of said bill, because no facts are set up therein upon which an issue can be legally raised in said cause; the matters of public policy as to the erection of said vault being· matters of discretion with said commissioners' court. *Eighth:* To the seventh paragraph of said bill as follows : 1st. Because the acts and facts constituting said alleged collusion are not set up therein, and all the matters set up therein are the mere conclusions of the pleader and are not statements of facts showing collusion, or tending to show it. 2d. To all of said paragraph beginning with the words, 'And complainants further allege that judging,' etc., and the remainder of said paragraph, because said matters attempted to be set up therein can not present any issue in this cause, and are impertinent and out of place. *Ninth*. To all of that part of paragraph eight of said bill, after the words, 'And complainants allege that under the proceedings,' &c., because the same are not statements of facts, but are mere conclusions, upon which issues can not be raised in this cause. *Tenth*. To the ninth paragraph of said bill, because it is not stated therein in what said false representations consisted, or what false or fraudulent representations were made, as matters of facts; the statements therein being the mere conclusions of the pleader, from which this court can form no judgment ·of his own." The defendants also moved to dissolve· the injunction upon the sworn denials of the answer.

There were many other rulings shown by the transcript on this appeal, but under the opinion it is unnecessary to set them out in detail. Upon submission on motion to dissolve the injunction and the demurrers to the original bill, the chancellor rendered a decree dissolving the injunction upon the denials of the answer; and further decreed that the 1st, 2d, 3d, 5th, 6th, 7th, 8th, 9th and 10th grounds of demurrer were well taken, and were sustained, and the 4th ground of demurrer was overruled.

On this appeal by the complainants, they assign as error, among other rulings of the chancellor, the decree as above set forth.

J. B. BROWN, for appellant.—1. When acts of official corruption or oppression are committed by public offi-

[Hays *et al.* v. Ahlrichs *et al.*]

cers, or agents under color of office, a less grievance will constitute a ground for the intervention of and interference by a court of equity by injunction than where the trespass is by private persons.—*Ryan v. Brown*, 18 Mich. 196 ; 10 Amer. & Eng. Encyc. of Law, 879 ; *Erwin v. Fulk*, 94 Ind. 235.   The case of *McCord v. Pike* is a leading authority, and one almost, if not altogether, in point with this case.—*McCord v. Pike*, 2 Amer. St. Rep. 85, and authorities cited.

2.   Counties are civil or political organizations, with limited and defined powers and are agencies or auxiliaries in the administration of civil government.—Dillon Munic. Corp., § 10 ; *Webster Co. v. Taylor*, 19 Iowa 117. The power with which the counties in this State are clothed is exercised by officers.   The court of county commissioners is a court of record of limited statutory jurisdiction, and is intrusted with the authority and jurisdiction committed to the county.—*Commissioners' Court v. Moore*, 53 Ala. 25.

3.   The facts averred in the bill show that the contract for the erection of the vault was not made according to law, and that it was void by reason of the collusion and the false representations averred therein.—Code of 1886, §§ 822, 823, 826 ; *Joiner v. Winston*, 68 Ala. 129 ; *Trammell v. Pennington*, 45 Ala. 673 ; *State v. Falconer*, 44 Ala. 696 ; *Com. Court v. Moore*, 53 Ala. 25 ; *West v. Burke*, 60 Tex. 51 ; *Crump v. Supervisors*, 52 Miss. 107 ; *Bouton v. Supervisors*, 84 Ill. 384 ; *McCord v. Pike*, 2 Amer. St. Rep. 85.

GEORGE H. PARKER, *contra.*—1. The defendants in this cause filed sworn answers, each one of the several defendants swearing to the answers, and upon these sworn answers motion was made to dissolve the injunction. The general rule in such cases is, that "An answer that is a full, unequivocal and positive denial of every fact upon which the equity of the bill for an injunction rests, entitles the defendant to a dissolution of the temporary injunction issued, unless it is apparent that irreparable mischief may follow the dissolution, or there are the intervention of some peculiar circumstances that would make it inequitable to dissolve the injunction."—*Turner v. Stephens*, 106 Ala. 546 ; *Satterfield v. John*, 53 Ala. 127 ; *East & West R. R. Co. v. E. T., V. & G. R. R. Co.*, 75 Ala.

[Hays *et al.* v. Ahlrichs *et al.*]

275 ; 3 Brick. Dig. 352, § 303 ; 1 Beach on Injunctions, § 305.

2. The decision of the commissioners' court is final as to the necessity of repairs of jails and court-houses. 4 Amer. & Eng. Encyc. of Law, 360, note 2 ; *Robertson v. Breedlove*, 61 Texas 316. A chancery court will not interfere with the discretion of an inferior tribunal. High on Injunctions, § 785, (old ed.) 797 ; *R. R. Co. v. Dunn*, 51 Ala. 128.

3. There can be no question of the power of the court to transact its business at an adjourned meeting of the court.—Morawetz on Corp., § 489 ; Wood's on Corp., § 203 ; Dillon on Mun. Corp., § 287 ; *Lewis v. Intendant*, 7 Ala. 85.

HEAD, J.—Under the Code of 1886, sections 3612 and 3613, appeals from courts of chancery in advance of final decree, are allowed only from decrees sustaining or overruling demurrers to bills, pleas to bills, motions to dismiss bills for want of equity, and from orders sustaining or dissolving injunctions. We will, therefore, in this case, consider only the rulings, assigned as error, which are of the character of those stated, viz. : The order dissolving the injunction, and the orders sustaining demurrers to the original bill.

It is very clear that the judge of probate, in his official capacity, has no authority to maintain a bill of this character. It is not a part of his official functions or duties to sue for the correction or prevention of public abuses committed or threatened by other officers or individuals. On his part this bill is filed in his official capacity only. As, thus suing, he cannot maintain it, those joined with him cannot. The demurrer for misjoinder was properly sustained.

The bill, in the fifth paragraph thereof, attempts to set up collusion, in the making of the contract for the building of the vault, between Ahlrichs, the contractor, and his co-respondents. The averment of collusion is thus : "That said contract or agreement was made by collusion *or agreement* between said Ahlrichs and co-respondents, or some of them, in order to give said Ahlrichs an undue advantage in the erection of the vault, over any other persons, to the great damage and injury of the county." The objection taken to this averment by the

demurrer touching this point is, that it does not set out facts constituting collusion, but states only the conclusion of the pleader. The demurrer is well taken. The charge fails to show how the purpose of some of the commissioners to give Ahlrichs an undue advantage over others was injurious to the county. Indeed, it does not follow from the charge, as made, that Ahlrichs secured any advantage over others even, nor how the making of the contract with him would or could secure to him an undue advantage over others, if such advantage was of any materiality to the case. The bill does not show, by any sort of averments, that the scheme of building a vault, or the plan adopted, was fraudulent, These, so far as the complainants inform us, were inspired by honest motives. The bill, in this regard, merely complains of the exercise of the discretionary powers of the commissioners' court, and proposes that no vault at all, or one of a different and cheaper character, should be built. As to those matters, so long as the commissioners act within the limit of their authority, and in good faith, their action cannot be assailed. See authorities collected in note to *McCord v. Pike,* 2 Am. St. Rep. on page 93; *Railroad Co. v. Dunn,* 51 Ala. 128. These considerations determine that the fifth and seventh, as well as the sixth, grounds of demurrer were well taken.

We do not mean here to lay down any rules as to how far contracts of this character, made by the commissioners, acting out of a lawfully authorized term of court, are valid; or to what extent the action of the commissioners' court, had in lawful term time, in reference to such contracts, may be assailed for fraud or other cause. The assignments of error do not raise those questions in a way that we can properly decide them. The bill charges illegality of the contract because not made or authorized at a lawful term of the commissioners' court, and the demurrer to it, in that aspect, was overruled by the chancellor. So, the question is not before us.

The seventh paragraph of the bill shows no private interest of Schlosser in the contract. As a commissioner and citizen he may have felt an interest in the matter, and by reason thereof may have influenced the other commissioners to make the contract, and his judgment may have been so at fault that he induced the making of the contract against the interests of the county. This

state of facts would consist with the averments of this paragraph. The eighth ground of demurrer was, therefore, properly sustained.

The weakness and incompetency of the commissioners can not be inquired into in a collateral proceeding of this kind. If they were unfit for their offices, resort must be had to some other method of dispensing with their services. It can not be done by attacking their official acts, after they have performed them, on the ground of general unfitness and incompetency. The demurrer to the eighth paragraph of the bill was properly sustained. The ninth paragraph of the bill, as the demurrer to it points out, does not show, with sufficient definiteness, what false and fraudulent representations were made by Ahlrichs and Schlosser, as to the character, quality and cost of the materials for the vault; and, under familiar rules of pleading, the demurrer was properly sustained.

We will add, in this connection, that it may be well to inquire, in the further prosecution of the suit, under what circumstances, if any, tax-payers may maintain a bill against the members of the court of county commissioners, who are charged with no fraud or collusion, or excess of legal authority, to rescind a contract entered into by that court, through the inducement of false and fraudulent representations on the part of the other contracting party, and one member of the court. The demurrer does not raise the question, and we express no opinion upon it.

There was no error in any of the rulings of the chancellor, upon demurrer, now before us for review.

The answers (which are sworn to) fully and unequivocally deny each and every allegation of the bill, upon which a conceivable equity for the relief sought could be predicated, and the injunction was, hence, properly dissolved.

The commissioners' court may lawfully adjourn a regular term to some future day, before the beginning of the next regular term; and acts done at such adjourned term are of the same validity as if done on the day of the regular meeting prescribed by law.—*Lewis v. Intendant, etc.*, 7 Ala. 85.

There is no error in any of the rulings of the chancellor before us for review, and his decree, touching these matters, is affirmed.

**Affirmed.**