# Long, et al. v. Shepherd, et al.

## Injunction.

(Decided Feb. 9, 1909.   48 South. 675.)

1. *Injunction; Dissolution on Coming in of Answer.*—Where the answer fully denied the equity of the bill seeking the injunction, a temporary injunction issued thereon is properly dissolved.

2. *Same; Subjects; Public Officers; Contract.*—While the illegal acts of public officers may·be enjoined, mere acts of mistake in judgment cannot be, and county commissioners having authority to contract for the construction of county buildings cannot be enjoined from the fulfillment of the contract although it was inexpedient and not so good a contract as they or others might have made .

[Long, et al. v. Shepherd, et al.]

3. *Counties; Contract; Injunction by Tax Payer.*—As the provision of the contract that no change should be made in the contract except on the order of the commissioner's court was for the benefit of the contracting parties, and not for strangers, a citizen and tax payer cannot enjoin the payment of claims for extra work by a contractor under a contract with the court of county commissioners.

4. *Contracts; Rights of Strangers.*—Where the parties to a contract change it, and substitute a new one resting wholly in parol, neither a stranger nor the court can hold the parties to the first contract, although it be in writing and provide that its terms shall not be changed or varied except in writing.

APPEAL from Walker Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by T. L. Long, et al., citizens and tax payers of Walker county against the Commissioners Court to enjoin the payment of claims for extra work by a contractor under a contract with the Commissioners Court, and to hold the parties to the original contract. From a decree dissolving the temporary injunction issued, complainants appeal. Affirmed.

A. F. FITE, for appellant. The bill was properly filed by complainants as tax payers.—*R. R. Co. v. Dunn,* 51 Ala. 128; *Hayes v. Ahlrich,* 115 Ala. 248; *Gillespie v. Gibbs,* 41 South. 808. On motion to dissolve the injunction all amendable defects are considered to have been made.—*E. & W. R. R. Co. v. E. T. V. & G. R. R. Co,* 75 Ala. 274; *L. & N. v. Bessemer,* 108 Ala. 238; *Winter v. City of Montgomery,* 101 Ala. 653. If it appears that a continuance of the injunction will cause less inconvenience and injustice to defendant, than would result to complainant from its dissolution, it should not be dissolved.—*Mortgage Co. v. File,* 97 Ala. 483; *Schölze v. Steiner,* 100 Ala. 149; *Bank v. Laucheimer,* 102 Ala. 454; *Mabel Min. Co. v. Pearson C. & I. Co.,* 121 Ala. 571.

BANKHEAD & BANKHEAD, for appellee. The commissioner's court had the same power to make any change or

alternation in the contract or in the work as it progress-
ed that it had to make the original contract. An amend-
ment cannot be used in support of an injunction, and the
injunction must stand or fall on the original bill.—10
Ency P. & P. 977. There was no equity in the original
bill, nor does the amended bill show equity, as the allega-
tion is upon information and belief.—10 Ency P. & P.
929; see also *Matkin v. Marengo County*, 137 Ala. 163.
If there is any abuse of discretion or allowance of ex-
cessive claim, it can be corrected.—*Com. Ct. v. Moore*,
53 Ala. 25.

MAYFIELD, J.—This appeal is from a decree dis-
solving a temporary injunction. The impropriety of
this decree is the only error assigned. The bill was filed
by the appellants, as residents and taxpayers, against the
appellees in their official capacity as county commis-
sioners, to enjoin the allowance and payment of claims
for extra work performed by the contractor in the con-
struction of a county courthouse. The answer of the re-
spondents denied fully and particularly every averment
of the original and amended bills which could be said to
give them equity or to authorize a temporary injunction.
We fully agree with and concur in the opinion of the
learned chancellor that the injunction should be dissolv-.
ed.

The original bill was clearly without equity. The
amended bill, while it may contain equity, was subject
to demurrer; but the sustaining of the demurrer thereto
is not assigned as error. The answer having explicitly
and fully denied every possible equity of the bill, we
think the chancellor properly dissolved the injunction,
and, while the chancellor has a large discretion on such
hearings, we are not prepared to say it would not have
been revisable error to retain this injunction on the show-

[Long, et al. v. Shepherd, et al.]

ing which appears from.this record. Equity will often interpose, in behalf of taxpayers, to restrain illegal acts of public officers under color and claim of official authority, when such acts tend to impair public rights and those of the taxpayers, or will result in irreparable injury to private citizens. But mere negligence of official routine, not gross or wanton, mere error of judgment, or lack of experience, etc., in the absence of fraud, will not authorize courts of equity to enjoin public officers from doing acts authorized by law, whatever may be the opinion of the court or of the public as to the wisdom of such acts or the mode of doing them. The act sought to be enjoined must be unlawful, or the mode, manner, or extent of its execution must be fraudulent in fact or in law.—1 Spelling Extraord. Relief, 483-508.

The county commissioners have the undoubted right and power to build county courthouses, and to make contracts therefor, and to pass and allow valid claims of the contractor on such account. This is not only their right, but is their duty, which they can be forced to perform, or for a failure. so to do they can be made liable. The fact that they make a contract for buildings, such as courts may think inexpedient or improper, or not as good as they or other persons could make, is no ground to enjoin them from so contracting, or from carrying out the contract which they have made, within the line and scope of their powers and duties.—*Matkin v. Marengo Co.*, 137 Ala. 155, 34 South. 171; *Hays v. Ahldrich*, 115 Ala. 239, 22 South. 465. Of course, if they make an official contract for the purpose of defrauding the public and for their individual benefit, under color of official right and as a cloak to hide fraud, and by virtue of such official contract or act attempt to have public funds applied, not for the use and benefit of the public but for

[Long, et al. v. Shepherd, et al.]

their own personal benefit, or for that of a third party with whom they contract, then a court of equity would enjoin the execution of such a contract, though it was ostensibly for the public good and within the line of their powers and duties. If there can be said to be any such averments in this bill, they are vague and uncertain, and rest largely upon inference; and they were, so far as it was necessary so to do, fully denied by the answer, and there was certainly not sufficient proof otherwise to justify the injunction.—*Harrison v. Yerby,* 87 Ala. 185, 6 South. 3.

There was certainly nothing in the contention of the original bill that the contract for the building was in writing and provided that there should be no change or alternation in the plans and specifications or contract except upon the written order of the commissioner's court, and that the contractor had filed a claim with the commissioner's court for a large sum which was claimed for extra work, not provided for in the contract, and for which there had been no written contract, and that such extra work was, therefore, illegal and in violation of the written contract. This provision was for the benefit of the parties thereto, and not for that of strangers. If both parties agree thereto, they may subsequently amend the whole contract, or any particular part, or make a new one in substitution therefor. Such new contract may be oral, as well as in writing. If the parties to a contract change it and substitute a new one, a third party or court cannot hold them to the first, though it be in writing and provide that its terms shall not be changed or varied except in writing, and the subsequent contract rest wholly in parol. If this were not true, and the commissioners' court should make a bad contract or the architect make a mistake in the specifications, the contract being in writing and providing that neither

.it nor the specifications should be changed, by writing or otherwise, then there would be no relief from the error, though both the commissioners and contractor be willing and desirous to make correction of the error.

The decree of the chancellor must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.