(113 So. 524)

## ROGERS v. WELLS et al. (6 Div. 947.)

Supreme Court of Alabama. June 15, 1927.

Rehearing Denied June 30, 1927.

1. **Counties** ⬥105(1)—**County courthouse commission held without authority to construct courthouse on territory not wholly within limits of city existing at time of its establishment as county seat** (Act Feb. 11, 1927; Acts 1871–72, p. 229; Acts 1872–73, pp. 231–236; Const. 1901, § 41, and § 104, subd. 11).

County courthouse commission, empowered to select courthouse site in city of Birmingham, under Act Feb. 11, 1927, had no authority to provide for construction of courthouse on lands not wholly within original corporate limits, as fixed by Acts 1871–72, p. 229, and existing at time of establishment of city as county seat, under Acts 1872–73, pp. 231–236, as Const. 1901, § 41, and section 104, subd. 11, limits power of Legislature to change county seat or remove courthouse from established county seat, except by authority of county electorate.

2. **Constitutional law** ⬥50—**Legislature cannot do indirectly by act of commission that which Constitution prevents doing directly.**

Legislature, where prohibited by Constitution from doing act directly, cannot do such act indirectly by authorizing its performance by creation of commission.

3. **Evidence** ⬥65—**Familiarity of Legislature with judicial construction of Constitution must be assumed.**

It is assumed that Legislature, enacting statute, is familiar with judicial construction of Constitution.

4. **Constitutional law** ⬥48—**Statute will be construed to conform to constitutional requirements.**

Statute will, if possible, be construed in such a way as to save it from constitutional objection.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Bill in equity by Claude J. Rogers against Oscar Wells and others, individually and as members composing the Jefferson County Court House Commission, to enjoin erection of a courthouse on lands not wholly within the corporate limits of the city of Birmingham. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed and remanded.

Matthews & Morrow, of Birmingham, for appellant.

The city of Birmingham was chartered by Acts 1871, p. 229; the county seat was fixed by an election of the people under Acts 1873, p. 231; and the corporate limits of the City of Birmingham remained the same until changed by Acts 1879, p. 420. The site of a courthouse or county seat cannot be re-moved, except by a majority vote of the qualified electors of the county; and when a city or town is selected as the county seat the boundaries of such city or town as they then exist become the boundary of the county seat. Subsequent inclusion of more territory in such city or town does not enlarge the county seat. A new courthouse cannot be constructed at any place other than within the corporate limits of the county seat as they existed at the time of the selection of such city or town as such county seat. Const. 1901, § 41; Marengo County v. Matkin, 134 Ala. 275, 32 So. 669.

E. J. Smyer, of Birmingham, for appellees.

J. R. McElroy, of Birmingham, amicus curiæ.

The building of the proposed new courthouse partly within and partly without the original corporate limits of Birmingham, or entirely without, but within a few feet of, the original corporate limits, would not be a removal of the county site of the county, within the meaning of section 41 of the Constitution. Standard Dict.; Webster's Dict. "Remove;" Board of Rev. v. Huey, 195 Ala. 87, 70 So. 744; Merchants' Bank v. McNaron, 172 Ala. 474, 55 So. 242; Murdoch v. Klamath County Court, 62 Or. 483, 126 P. 6; Delaware County v. Hogan, 33 Okl. 791, 127 P. 492.

BROWN, J. In pursuance of an election by the qualified voters of Jefferson county, held on the first Monday in May, 1873, as authorized by the Act approved March 5, 1873 (Acts of 1872–73, pp. 231–236), the city of Birmingham, as then incorporated, was established as the county seat of Jefferson county.

[1] The major question presented is whether or not the commission named in the Act approved February 11, 1927, providing for the construction of a courthouse and jail, "in the city of Birmingham," and empowering said commission to select a courthouse site, is acting within the authority conferred by the act in selecting a site not wholly within the original corporate limits of the city of Birmingham as fixed by the Act of December 19, 1871, incorporating that city (Acts of 1871–72, p. 229), which was in force at the time the city of Birmingham was established as the county seat of Jefferson county.

This question is ruled by the case of Marengo County v. Matkin, 134 Ala. 275, 32 So. 669, holding that, when an incorporated city or town is selected as the county seat of a county, the boundaries of such city or town, as they then existed, become the boundaries of the county seat, and the subsequent inclusion of more territory in such city or town by the extension of its corporate limits does not enlarge the county seat, and the Constitution inhibits the removal of the courthouse

of the county beyond the boundary of the county seat so established, unless its removal is authorized by a majority vote of the qualified electors of the county voting at an election held for such purpose. Constitution of 1901, § 41.

The case of Marengo County v. Matkin, supra, was in no sense modified by the subsequent decisions of this court in the cases of Merchants' Nat. Bank of La Fayette v. McNaron, 172 Ala. 469, 55 So. 242, and Board of Revenue of Jefferson County v. Huey, 195 Ala. 83, 70 So. 744.

[2] Section 41 and subdivision 11 of section 104 of the Constitution are clear limitation on the power of the Legislature to authorize a change in the county seat or a removal of the courthouse from the established county seat, unless such change is authorized by the electorate of the county, as authorized by the Constitution, and as provided by the general law of the state. It is too clear to require the citation of authority that what the Legislature is prohibited from doing directly it cannot do indirectly by authorizing the act to be done by a commission of its creation.

[3, 4] It must be assumed that the Legislature in the passage of the Act approved February 11, 1927, which empowers the commission therein named "to construct or cause to be constructed a courthouse and jail for said county in the city of Birmingham, Alabama," was familiar with the construction of section 41 of the Constitution pronounced in Marengo County v. Matkin, supra, and, to save the act from constitutional objection, it will be construed as limiting the power of the commission in selecting the site of the new courthouse to one within the limits of the county seat as defined by the act approved December 19, 1871, incorporating the city of Birmingham. Matkin et al. v. Marengo County et al., 137 Ala. 155, 34 So. 171.

The foregoing is sufficient to show that we are of opinion that the circuit court erred in sustaining the demurrers to the bill, and the decree is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.