34 So.2d 160

**TERRELL et al. v. MARION COUNTY.**
**6 Div. 559.**

Supreme Court of Alabama.
Feb. 19, 1948.

236

Horace C. Wilkinson, of Birmingham, for appellants.

Fite and Fite, of Hamilton, and Arthur Fite, of Jasper, for appellee.

LAWSON, Justice.

This is an appeal from a decree of the circuit court of Marion County, in equity, overruling demurrer to a bill filed by appellee, Marion County, against appellants, Gera Terrell and her husband, Houston Terrell, to annul and vacate a sale of land and to cancel a conveyance thereof.

Section 177, Title 12, Code 1940, provides as follows: "The court of county commissioners have control of all property belonging to the county, and may, by an order to be entered on its minutes, direct the disposal of any real property, which can be lawfully disposed of, and direct the probate judge to make titles thereto; and a conveyance made by the probate judge in accordance with such order invests the grantee with the title of the county."

No case has come to our attention wherein an equity court has been called upon to cancel a conveyance of county lands executed in accordance with the terms of the above-quoted statute.

In the case of Corning v. Patton, 236 Ala. 354, 355, 182 So. 39, 40, which was started by petition for common law certiorari to quash the proceedings of the County Commission of Jefferson County, providing for a lease of property formerly used as a courthouse, it was held that the said county governing body had the authority under § 209, Code of 1923, § 177, Title 12, Code 1940, to lease county property when a sale was not advisable and it was no longer need-ed or used for county purposes. As to the right to review the action of the county governing body in the execution of such a lease, it was there said: "Indeed, the action of the board, when acting within its authority as to the nature, terms, price, etc., of the lease, is largely within its discretion, and in the absence of fraud, corruption or unfair dealing their action will not be disturbed." This rule, of course, is also applicable to a sale of county property.

In a number of cases where injunctions were sought to restrain county governing bodies from entering into contracts relative to the location, erection, repair, removal, or the furnishing of the county buildings, it has been held that in the performance of such duties, they exercise a function that is quasi-legislative and their acts in such matters, when free from fraud, corruption, or unfair dealing, cannot be controlled or reviewed by any other court.—Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971; Matkin v. Marengo County, 137 Ala. 155, 34 So. 171; Hays v. Ahlrichs, 115 Ala. 239, 22 So. 465; Talley v. Commissioners' Court of Jackson County, 175 Ala. 644, 39 So. 167; Town of Eutaw v. Coleman, 189 Ala. 164, 66 So. 646.

In Board of Revenue of Covington County v. Merrill, supra, it was held that improper action of a county governing body might be controlled by an equity court only in "those cases where, from fraudulent or corrupt motives, or in unfair dealings, to secure a personal benefit to the members thereof, or to some third person, the court or board take the questioned action." An example of collusion or unfair dealing, such as would warrant the interference of a court of equity, is stated in the case of Long v. Shepherd, 159 Ala. 595, 48 So. 675, as where "for the purpose of defrauding the public and for their individual benefit, under color of official right and as a cloak to hide fraud," such a court or board, by virtue of an official contract or act, "attempt[s] to have public funds applied, not for the use and benefit of the public but for their own personal benefit, or for that of a third party with whom they contract."

In paragraph 7 of the bill it is averred that the sale of the lands to defendants and the deed executed pursuant to such sale was

a gross abuse of discretion vested in the probate judge and the members of the commissioners' court and that therefore the sale and deed should be cancelled.

■ A court of equity will not cancel a deed executed by a governing body of a county or city for abuse of discretion as distinguished from fraud. In such matters county and city governing bodies have much the same powers. In the case of Van Antwerp v. Board of Com'rs, 217 Ala. 201, 115 So. 239, an equity court was called upon to avoid for illegality and to enjoin the execution of a contract entered into by the Board of Commissioners of the City of Mobile with the Superior Incinerator Company of Texas, for the construction and installation of two incinerators for the City of Mobile. One of the grounds for relief was abuse of discretion in awarding this contract. In writing to this question for the court, Mr. Justice Bouldin said:

"A municipality is a unit of government. The governing body is vested with certain legislative, judicial, and administrative powers. In making contracts for municipal plants for public safety and convenience, within charter power, they act in a quasi legislative capacity. Acting upon a subject-matter committed to them and proceeding according to the forms required by law, the legislative discretion is vested in them, not in the courts.

"The courts deal only with the question of legality vel non. Many cases have been before this court in which the acts of governing bodies of counties and cities have been attacked as illegal because of alleged abuse of discretion, arbitrary action having no due regard to the public interest and the public trust committed to them.

"In all such cases it becomes manifest at once that, if entertained, the court must enter upon an inquiry whether the contract was in fact well advised, the result of fair judgment having a basis of reason. These are matters committed by law to the governing body of the city. Great care must be exercised by the courts not to usurp the functions of other departments of government. No branch of government is so responsible for the autonomy of the several governmental units and agencies as the judiciary. Accordingly, it has been many times declared the courts cannot and will not interfere with the discretion vested in the governing body of a municipality.

"So, it must be regarded as settled that the court will not interfere by injunction except in case of corruption, fraud, or bad faith, the equivalent of fraud.

"It may well be said all cases of arbitrary action, that is to say, action based on no sound basis of reason, but expressive of a will to rule without due regard to the public interests involved, have an element of bad faith. But abuse of discretion of this character does not warrant relief.

"The case before us well illustrates the reason of such rule. The basic charge here is that the Mobile commissioners arbitrarily selected the more costly of two equally efficient incinerator plants. Necessarily, the court is invited to pass upon the relative merits of the products of two rival manufacturers and their adaptation to the needs of Mobile.

"Patently, this is the matter committed by law to the commissioners. To usurp that function, the courts would find themselves the general supervisors over the governing bodies of cities, an impossible task, subversive of all autonomy in government." Page 206 of 217 Ala., page 243 of 115 So.

■ While the case above referred to and quoted from dealt with a bill wherein an injunction was sought as well as annulment of the contract, the rule there stated is applicable to a case such as this where an equity court is called upon to cancel a conveyance executed by a governing body of a county. The averments of paragraph 7 of the bill do not state a ground for cancellation of the deed by a court of equity.

■ In paragraph 6 of the bill relief is predicated on the averments that "the said purported sale of said lands to defendants in this cause and the execution of the said deed to Gera Terrell were in bad faith upon the part of the said Probate Judge and some of the members of the Commissioners Court of Marion County." Bad faith which will authorize interference in matters of this kind by a court of equity must amount to or be the equivalent of fraud. Van Antwerp v. Board of Com'rs, supra.

In paragraph 8 of the bill it is alleged that "the sale of said lands to defendants or either of them and the execution of said deed to Gera Terrell was a fraud upon Marion County, this complainant, and was perpetrated by said Probate Judge and the members of the Commissioners Court of Marion County, Alabama, in their capacity as such officers purporting to represent the interest of Marion County." Relief is sought on that ground. But general averments of fraud will not suffice in cases of this kind; the constituent facts must be averred so that the court can see clearly that fraud has intervened. Harris v. Nichols, 223 Ala. 58, 134 So. 798; Board of Revenue of Covington County v. Merrill, supra.

We hold, therefore, that the averments of paragraphs 6 and 8 of the bill, standing alone, do not sufficiently state a ground for equitable relief. But treating these two paragraphs as being predicated on the averments of paragraphs 2, 3, and 4 of the bill, we come to the question as to whether those paragraphs sufficiently allege facts amounting to fraud in accordance with the rule that fraud is a conclusion of law from facts stated and proved and when it is pleaded, at law or in equity, the facts out of which it is supposed to arise must be positively averred. Cannon v. Birmingham Trust & Savings Co. et al., 194 Ala. 469, 69 So. 934; Flewellen v. Crane, 58 Ala. 627.

Upon demurrer, in determining whether a fact is averred or not, the bill will be construed most strongly against the pleader. While a demurrer to a bill admits all material facts well pleaded, it does not admit conclusions of law, or inferences of facts. Birmingham Warehouse & Elevator Co. v. Elyton Land Co., 93 Ala. 549, 9 So. 235.

The averments of paragraphs 2, 3, and 4 show in substance that on October 16, 1944, in accordance with an agreement between the members of the governing body of Marion County and the respondent Houston Terrell, a resolution was adopted by the said governing body authorizing the probate judge to execute a deed on behalf of the county conveying the lands here involved to respondent Gera Terrell, the wife of Houston Terrell, although the latter was in fact the "beneficiary under such purported sale"; that the said resolution did not show the price to be paid for the land; that on the same day the probate judge, acting in accordance with said resolution, executed a deed to the land wherein Gera Terrell was the grantee for a "consideration of $1.00 and other valuable consideration"; that the purported sale was a private sale, the lands not having been advertised for sale and the public not having an opportunity to bid therefor; that the actual purchase price was not shown on the records of the commissioners' court or on the face of the deed; that on March 22, 1945, "there was delivered to the treasurer of Marion County, Alabama, a check of Houston Terrell for the sum of $150.00 for 'sale of land to Houston Terrell'"; that the said $150 was delivered to the treasurer of Marion County at a time when the Grand Jury of Marion County was investigating the official conduct of the then probate judge and of two of the members of the commissioners' court; that "the said sum of $150.00 was not paid in good faith by defendant Houston Terrell for said land and he knew at the time that the said sum of $150.00 was a grossly inadequate consideration for the land"; that "at the time of the payment by Houston Terrell of the sum of $150.00 therefor" the land was "worth between $1,000.00 and $1500.00 and the County could have obtained at least $1000.00 for said land" and that "at the time of the adoption of the resolution above referred to a person who was acquainted with the land was ready to pay one thousand dollars for the land."

There are no specific averments of facts in the bill showing that the members of the county governing body or any of them colluded with either of the respondents to divest the county of its property for the benefit of any of the members of the governing body or for the benefit of either of the respondents. It is not averred that the members of the county governing body knew that they were disposing of the county's property at a price less than its fair and reasonable market value. The allegation that some

240

"person" was willing to pay "$1,000.00" for the property and that the county could have gotten at least that price for the land is far from alleging that the members of the county governing body knew that such was its value and in spite of such value sold it for the sum of $150. In fact, there is no positive allegation that the consideration received by the county was less than the value of the property. The deed recited a consideration of "$1.00 and other valuable consideration." It is not averred that no other valuable consideration was received by the county. Even if it be assumed that the allegation that "on the 22nd of March, 1945, there was delivered to the treasurer of Marion County, Alabama, a check of Houston Terrell for the sum of $150.00 for 'sale of land to Houston Terrell'" shows payment on this piece of property, it does not follow that such was the only consideration received by the county for the sale of the lands here in question. For aught appearing in the bill the county could have received for the execution of the deed a consideration entirely commensurate to the value of the lands conveyed. Material averments in a bill should be made directly and positively, and not left to be deduced by inference from other averments. Pinkston v. Boykin, 130 Ala. 483, 30 So. 398.

Whatever moral or ethical duty may have rested on respondent Houston Terrel to inform the members of the governing body of the county that the lands were worth more than $150, assuming that such was the only consideration paid therefor, although as before indicated the bill does not so allege, he is not shown to have been under the legal obligation to do so. Ordinarily, when there are no peculiar circumstances calling for disclosures, as where some confidential or fiduciary relation exists between the parties, a purchaser, though having superior judgment of values, does not commit fraud merely by purchasing without disclosing his knowledge of value. Pratt Land & Improvement Co. et al. v. McClain, 135 Ala. 452, 33 So. 185, 93 Am.St.Rep. 35.

A court of equity will set aside and cancel a deed obtained by fraud, the fraud going to the consideration and inducement only, and the instrument being voidable merely. Tyler v. Copham, 245 Ala. 151, 16 So.2d 316; Davidson v. Brown, 215 Ala. 205, 110 So. 384.

But the averments of the bill in the instant case are insufficient to charge the members of the county governing body with fraud or corruption (a species of fraud) or to charge the respondents with having procured the deed by fraud. The bill does not aver facts from which fraud is the legal result. Tyler v. Copham, supra; Board of Revenue of Covington County v. Merrill, supra; Cannon v. Birmingham Trust & Savings Co. et al., supra.

A court of equity will not order cancellation of a deed at the request of the grantor on the ground that it was not properly executed and acknowledged. Hence the allegations of paragraph 5 of the bill do not give the bill equity.

We are clear to the conclusion that the bill is without equity. The demurrer of respondents was properly directed to the defects in the bill. It was due to be sustained. The decree of the trial court overruling the demurrer is reversed and one here rendered sustaining the demurrer. The cause is remanded for further proceedings.

Reversed, rendered and remanded with leave to amend within thirty days.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.