Neil v. Johnson.

---

## NEIL v. JOHNSON.

1. The duty of maintaining the wife devolves on her husband, though she have a *dower estate* in virtue of a previous marriage.  During the *joint lives* of

·husband and wife, the husband has the sole control and management of such an estate; and consequently an interest for that period, which may be levied on and sold under a *fieri facias* to satisfy a judgment against him.

Writ of Error to the Circuit Court of Dallas.

This was an action of trespass at the suit of the plaintiff in error, brought to try titles to, and recover the possession of a tract of land particularly described in the indorsement on the writ, and in the declaration, &c. The cause was tried by a jury, who returned a verdict for the plaintiff, and judgment was thereon rendered. Upon a bill of exceptions sealed at the instance of the defendant, the question is raised, whether the dower of the widow in the lands of her first husband, are liable upon a subsequent marriage to levy and sale under execution for the debts of her second husband— the dower being assigned to her, and herself and husband living together.

E. W. Peck, for plaintiff in error. Can the lands which have been allotted to a widow as her dower under our statute be levied upon and sold for the debts of an after husband? If so, then I admit there is no error in the record, but I insist that lands in such case cannot be sold, for an after husband's debt.

The statute declares, that the widow's dower "shall be and inure to her proper use, benefit and behoof; in and during her natural life." Will not the manifest object of the statute be defeated by permitting her dower to be seized and sold for debts of an after husband. [Clay's Dig. 172, § 3.]

G. R. Evans, for the defendant in error, cited 2 Kent's Com. 134, 342; 2 Dev. & Bat. Rep. 133; 1 P. Wms. Rep. 258; 3 Thomas' Coke, 306, 309, 357; Roper on Hus. & W. 186, 187; 4 Porter's Rep. 233; 3 Ala. Rep. 509.

COLLIER, C. J.—Dower by the common law is defined to be an estate for life in the third part of the lands of which the husband was seized, either in deed or in law, at any time

Neil v. Johnson.

during the coverture, of a legal estate of inheritance in possession, which the issue of the wife might by possibility inherit, and which the law gives to every married woman, who survives her husband, to be enjoyed by her in severalty from the death of her husband; whether she have issue by him or not. The object of this estate is the sustenance of the widow and the nurture and education of her children, if any—and the right to it attaches immediately upon the marriage or as soon after as the husband becomes seized; and cannot be discharged by the husband without her concurrence. [Park on Dower, 5.] In point of tenure a dowress holds of the heir, yet in point of title, she is *in* of the lands assigned to her by her husband, and not by the person making the assignment; for as soon as the dower is assigned the law supposes her in by relation from the death of her husband. [Id. 340.] The statute of this state provides that the dower which shall be assigned to the widow, in the lands of her deceased husband, shall "inure to her proper use, benefit and behoof, in and during her natural life." [Clay's Dig. 172, § 3.] This enactment does not, in our judgment in any manner change the tenure by which the wife held her *dower estate*, at the common law. The words which have been quoted mean nothing more than, that its enjoyment should not be disturbed by any act done by the husband in his lifetime, or by his heirs since his decease; and that it should not be liable to his debts. From this view it results, that the interest of the wife is a freehold for her own life.

It is said that all freeholds of which the wife is seized at the time of the marriage, or afterwards, are by law vested in the husband and wife during the coverture, in right of the wife. During their joint lives, the husband is entitled to the profits, and has the sole control and management; but cannot convey or charge the lands for any longer period than while his own interest continues. If the estate of the wife be one of inheritance, and there be an actual seizen, and a child of the marriage born alive, capable of inheriting the property, the husband upon the wife's decease, becomes *tenant by the curtesy*, for his life. [2 Steph. Com. 299.] This being the law, it would seem to follow that the second husband succeeds to a *dower estate*, which has been assigned to his

78

wife as a consequence of her former marriage, in all respects as he does to her other freehold interests. And if he can convey or charge, her freehold in lands, we can perceive no reason why it may not, for the period of *their joint lives* be sold under execution to pay his debts. The duty of maintaining the wife devolves upon the husband, though she may have a *dower estate*, and he must therefore be allowed to control this estate, and receive the profits while that duty continues. There is no error in the ruling of the circuit court, and the judgment is therefore affirmed.