[Loosse v. Vogel.]

# Loosse *v.* Vogel.

*Motion to strike Bill of Exceptions from Record.*

1. *Bills of exceptions; signed after adjournment of term.*—A presiding judge has no authority to sign a bill of exceptions after the adjournment of the court for the term at which the exceptions were taken, except by the written agreement of counsel.

2. *Rule for computing time in which act to be done.*—The rule for computing the time within which an act is stipulated to be done, is to exclude the first day and include the last. An agreement that a bill of exceptions might be signed within sixty days after the adjournment of court, adjournment being on May 2d, the sixty days expired on the 1st of July following.

APPEAL from Cullman Circuit Court.
Tried before Hon. JAMES AIKEN.
The opinion sufficiently sets out the facts.

W. T. L. COFER, for appellant. (No brief on file.)

GEO. H. PARKER, *contra,* cited Rev. Code, § 11; 36 Ala. 270; 37 Ala. 314; 42 Ala. 436; 44 Ala. 276; 47 Ala. 696.

SOMERVILLE, J.—This cause was submitted on its merits, and at the same time on a motion made by appellee's counsel to strike the bill of exceptions from the record.

The latter motion is based on the ground, that the bill was not signed by the presiding judge within the time specified in the written agreement of counsel, consenting that it might be signed after the adjournment of the Circuit Court. The court adjourned on May 2, 1885, and the agreement of counsel was signed and dated on that day. It provided that the bill of exceptions might be signed "within sixty days after the adjournment" of the court. It was only by virtue of this written agreement that the judge was authorized to sign it at all after the adjournment of the court during which the exceptions were taken.—Code, 1876, § 3113. It is manifest from calculation that, adopting the rule prescribed by section 11 of the Code for computing time—that is, excluding the first day, and including the last—the period of sixty days allowed by the agreement expired on July 1, 1885, this being the last day allowed for signing.—*Allen v. Elliott,* 67 Ala. 432. The bill of exceptions was not signed until July 2, or the day following. The motion to

[Presley, Adm'rx, v. McLean.]

strike it from the record must, therefore, prevail.— *Woods v. Brown*, 8 Ala. 563.

No questions being reserved for our consideration except by the bill of exceptions, and it being stricken from the record, the judgment must necessarily be affirmed.