[Richter v. Koopman & Gerdes.]

# Richter *v*. Koopman & Gerdes.

*Action for Damages resulting from the Negligent Storage of Explosives.*

1. *Last juridical day presumed to be Saturday, when an adjourned term of court ends on Sunday.*—Where an adjourned term of court is ordered to be of two weeks' duration, commencing on a designated Monday, and the transcript does not disclose when the term was actually adjourned, and the last day of the two calendar weeks is Sunday, the day previous is the last juridical day, and it is presumed that the term did not continue longer than the end of Saturday.

2. *Time for signing bill of exceptions.*—Where the time for signing a bill of exceptions is extended, and the bill is not signed until the day after the expiration of the extended period, it is ineffectual as a basis for assignment of error, and will be stricken on motion.

3. *Pleading and practice; when judgment upon demurrer insufficient.*—The recital in a judgment entry that the defendant's demurrers to the complaint "being duly considered by the court are sustained," is merely the entry by the clerk of the court's action upon such demurrer, and constitutes no judgment thereon, and is insufficient to present such ruling to the Supreme Court for review on appeal.

APPEAL from the Circuit Court of Cullman.
Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellant, William Richter, against the appellees, Mary A. Koopman and John Gerdes, a partnership, for damages to his property resulting from the negligent storage of explosives. Judgment and verdict were had for the defendant, and plaintiff appeals.

The appellee moved to strike the bill of exceptions on the ground that it was not signed within the time fixed by law. The minute entry relating to the rulings of the court upon the demurrers interposed by the defendant to the complaint, was as follows: "Thereupon the

defendant demurs to the original complaint on file in this cause, which demurrers being duly considered by the court, are sustained," etc. The other facts of the case are sufficiently stated in the opinion.

T. M. WILHITE, for appellant.

GEO. H. PARKER, *contra,* cited Code, § 2; *Losse v. Vogle,* 80 Ala. 308.

SHARPE, J.—As bearing on the motion to strike the bill of exceptions from the record the controlling facts are as follows: The case was tried at an adjourned term of court provided for by an order made at the Fall term of the circuit court directing that the court be reconvened on the first Monday (4th day) of December, 1899, and be held for two weeks. Thereat an order was made extending time for signing the bill of exceptions sixty days from adjournment of court, and afterwards by order of the judge this period was extended for thirty days. The bill of exceptions was signed on March 17, 1900. No entry in the transcript discloses when the term was actually adjourned. The last day of the two calendar weeks beginning the first Monday in December being Sunday the day previous was the last juridical day of the two weeks term ordered and nothing appearing to the contrary it is presumed the term did not continue longer than the end of Saturday, December 16th.—*Doris v. Fish,* 1 Greene (Iowa), 406, s. c. 48 Am. Dec. 387. Beginning at the end of the term, the ninety days added by extensions expired with March 16, 1900. A bill of exceptions not signed until the day after expiration of the period allowed by or pursuant to law is not legally authenticated and on appeal is ineffectual as a basis for assignment of error.—*Losse v. Vogle,* 80 Ala. 308. The motion to strike must, therefore, be granted. Besides the assignments of error based on rulings which could only have been reviewed on a bill of exceptions, there are none except those based on record entries assumed to be judgments sustaining demurrers to the complaint.

Those entries purport to be the clerk's mere recitals of the court's action such as under many decisions of this court lack the essentials of a judgment and are insufficient to support assignments of error.—*Cartlidge v. Sloan,* 124 Ala. 596; *Hereford v. Combs,* 126 Ala. 369; *Crawford v. Crawford,* 119 Ala. 34; *Mercantile Co. v. O'Rear,* 112 Ala. 247; *Carter v. Long,* 125 Ala. 280.

The judgment must be affirmed.