# John L. Cooley, *et al.*, *v.* United States Saving & Loan Co.

### *Forcible Entry and Detainer.*

[DECIDED Nov. 14, 1905, 39 So. REP. 575.]

1. *Forcible Entry and Detainer; Removal; Proper Pleas.*—Where
   an action of forcible entry and detainer, commenced in a
   justice court, is removed on application of the defendant to
   the circuit court, under §§ 2147, 2148, of the Code, the gen-
   eral issue is the only proper plea, as in cases of ejectment,
   where there is no disclaimer of possession; and special
   pleas setting up matters available under the general issue,

[John L. Cooley, *et al.* v. United States Saving & Loan Co.]

are properly stricken from the file by the trial court, *ex mero motu.*

2. *Demurrers; Refiling not Shown by Record.*—Where the record does not show the refiling of demurrers to amended replication, or that other demurrers were filed thereto, this court cannot review the rulings of the trial court thereon, although the judgment entry shows the rulings of the trial court upon demurrers to amended pleadings.

3. *Bill of Exceptions; Time of Signing; (Acts,* 1888-9 p. 797.). Where trial ended and judgment was entered on Novemebr 13th, 1903, and the bill of exceptions was presented to the trial judge January 11, 1904, and a verbal order by him on that day extended the time of signing for thirty days but entry of order was not made until January 13, 1904, and the bill signed January 30, 1904;—*Held,* under § 10 of Acts of 1888-9, p. 797 that the bill was not signed in time.

4. *Same; Establishment.*—This court has no power or authority to take any paper writing purporting to be a bill of exceptions, and treat it as a bill of exceptions established, until the same has been established as such in the manner prescribed by law; and a statement in the paper writing purporting to be a bill of exceptions by the trial judge explanatory of the failure to enter an order extending the time for signing in time does not take said paper writing out of the rule just stated; nor does it suspend the operation of the well established rule that a bill of exceptions not signed in time will be stricken from the record on motion.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

This was an action of forcible entry and detainer, commenced in the justice court and removed on application of the defendant to the circuit court under §§ 2147, 2148 of the Code, and there tried.

The issue of fact was decided by the jury and judgment rendered thereon Nov. 13, 1903. The bill of exceptions was presented to the trial judge on Jan. 11, 1904, with the request that he sign it at once. On account of press of work it was not signed on that day, but the judge granted an order extending the time for signing thirty days. This order was verbal and a minute entry was not made of it until Jan. 13, 1904. The bill was signed on Jan. 30, 1904. These facts explanatory of the failure of the judge to sign the bill when presented and

his subsequent action thereon appear in the paper writing purporting to be the bill of exceptions which is signed by the judge.

There was motion by the appellee to strike the bill of exceptions from the record because of the failure to have the same signed within the time required by law. The case was submitted on motion to strike and on the merits.

B. M. ALLEN and J. W. CREWS, for appellants, cited as against the motion to dismiss the bill.—*Haden, et al. v. Brown, et al.,* 22 Ala. 572.

A. C. and H. R. HOWZE, for appellees, cited in support of motion to strike bill.—Acts 1888-9, p. 801; § 11 of Code; *Loosse v. Vogel,* 80 Ala. 308; Mayfield's Digest, Vol. 2, § 204, p. 493; *Morningstar v. Stratton,* 121 Ala. 437; *Wood v. Brown,* 8 Ala. 563.

DENSON, J.—This was an action of forcible entry and detainer commenced before a justice of the peace.

The defendants having complied with sections 2147 and 2148 of the Code, which provides for the removal of such actions from the justice of the peace, to the circuit court, the action was removed for trial to the circuit court. From a judgment rendered against the defendant in the circuit court the defendant appealed to this court.

Section 2149 of the Code provides, that on the trial of all cases removed under the provisions of sections 2147 and 2148 of the Code, to the circuit court, the plaintiff must recover on the strength of his own title, as in a statutory action of ejectment. etc.

The complaint was amended in the circuit court with respect to the description of the property sued for.

In an action of ejectment, where there is no disclaimer of possession, the only appropriate plea is the plea of not guilty. So in this case, the matters alleged in the special pleas, if available to the defendants, were available to them under the plea of the general issue and there was no necessity for, nor appropriateness in the special pleas. The court might properly have stricken them from the file, *ex mero motu.*—*Bynum v. Gold,* 106 Ala. 427; *Lomb v. Pioneer Savingsc & Loan Co.,* 106 Ala. 591; *Eto-*

*wah Mining Co. v. Doe ex dem. Carlisle,* 127 Ala. 663; *Smith v. Cox,* 115 Ala. 503; *Richardson v. Stephenson,* 114 Ala. 238.

However, no motion was made to strike special pleas 1 and 2, and they were not stricken, but a replication to them was filed by the plaintiff. The overruling of a demurrer to the replication is the only assignment of error with respect of the rulings of the court on the pleadings. The record shows that after the demurrer was overruled, by leave of the court the replication was amended. It is further shown by the record that the demurrer to the replication, as amended, was overruled. The record fails to show the demurrer that was interposed to the replication as amended, and we cannot know what it was; cannot pass upon the ruling of the court overruling it.

After the amendment was made the replication was not the same that it was when the court overruled the demurrer to it, and if the defendants desired the benefits of the demurrer, which was filed previous to the amendment, against the replication as amended, they should have refiled them.—*L. & N. R. R. Co. v. Woods,* 105 Ala. 561; *S. A. & M. Ry. v. Buford,* 106 Ala. 303; *West Union Tel. Co. v. Crawford,* 110 Ala. 460.

The motion made to strike the bill of exceptions must prevail. Section 10 of the Act regulating the practice in civil cases tried in the circuit court of Jefferson county, approved February 29th, 1889, provides that bills of exceptions must be signed within sixty days after the day on which the issue or issues of fact to which the bill of exceptions relates, unless the time for signing the bill is extended by agreement of parties, or by order of the presiding judge as now provided by law.

The trial ended on the 13th day of November, 1903; the bill was presented to the presiding judge on the 11th of January, 1904; he made an order extending the time in which the bill might be signed, thirty days, and on the 30th day of January, 1904, the bill was signed. Excluding the day on which the issue of fact were tried, to wit: the 13th day of November, 1903, and including the 13th day of January, 1904, the day on which the order of extension was made gives sixty-one days. Hence,

[Sprouse v. Story.]

the conclusion that the bill was not signed within the time when it might legally have been signed, and the motion to strike the bill of exceptions must be granted. The case of *Loose v. Vogel*, 80 Ala. 308, cited by appellee, seems to be conclusive of the correctness of the conclusion reached.—*Richter v. Koopman & Gerdes*, 131 Ala. 399; *Allen v. Elliot*, 67 Ala. 432; *Rosson's case*, 92 Ala. 76.

Counsel for appellant realizing that the bill of exceptions was signed out of time, have in their brief asked the question, why cannot the court under the statement of the presiding judge near the close of the bill of exceptions, of the facts explanatory of his failure to enter the order of extension in time, take the bill of exceptions and treat it as an established bill of exceptions, if not an original one? The answer to the question is, that this court has no power or authority to take any paper writing purporting to be a bill of exceptions and treat it as a bill of exceptions established until it has been established as a bill of exceptions in the manner provided by law.

Nothing in the statement of the presiding judge embraced in the bill of exceptions can suspend the operation of the established rule that, a bill of exceptions not signed within the proper time will be stricken from the record on motion of the appellee.

With the bill of exceptions stricken from the record, there is no error prejudicial to the appellants, and the judgment of the circuit court will be affirmed.

Affirmed.

HARALSON, DOWDELL and ANDERSON, JJ., concurring.