# Alabama Chemical Co. *v.* Niles.

*Action for Damages for Injury to Employe.*

(Decided June 30, 1908.   47 South. 239.)

1. *Appeal and Error; Record; Review; Demurrers.*—Where the demurrer is not set out in the record, the overruling of such de-. murrer cannot be reviewed on appeal.

2. *Same.*—The record discloses a number of demurrers to separate and distinct counts of the complaint. The judgment entry recites a ruling only on a single demurrer purporting to have been filed to the complaint in its entirety. Under this state of fact, assignments of error to the overruling of the demurrers to the various counts of the complaint presents nothing for review, since this court will not read the judgment entry contrary to its plain recital, in order to put the court in error as to demurrers which do not appear to have been considered.

3. *Same; Harmless Error; Sustaining Demurrers to Pleading.*— Where the general issue was pleaded, and the defendant obtained the benefit of the special pleas thereunder, it is harmless error to have sustained demurrers to such special pleas on the ground that they were nothing more than the general issue.

4. *Master and Servant; Injury to Servant; Contributory Negligence; Pleading.*—As an answer to an action for injury to an employe, resulting from coming in contact with a pulley, pleas which

[Alabama Chemical Co. v. Niles.]

allege that the employe was guilty of negligence proximately contributing to his injury in that he negligently left a place of safety and went to a platform near the pulley, and there negligently came in contact with it, and negligently permitted his body or clothing to come in contact with it, fails to set up facts constituting contributory negligence, and is subject to demurrer.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Joe Niles against the Alabama Chemical Company. From a judgment for plaintiff, defendant appeals. Affirmed.

From what is said in the opinion concerning the complaint and demurrers thereto, it is deemed unnecessary to set them out. The special pleas was as follows:

"(2) And for further answer to each of said counts of the complaint the defendant says that plaintiff should not recover in said suit, for that the plaintiff himself is guilty of negligence which proximately contributed to the injuries complained of, in that at the time he sustained said injuries the plaintiff, of his own accord and without direction from any one whose orders he was required to obey, negligently left the place of safety at which he was standing, and went up to a platform near a pulley upon one of defendant's machines, at which the injury occurred, and there negligently came in contact with said pulley, or the belt that had been upon said pulley, and that said negligence on plaintiff's part proximately contributed to the injuries complained of.

"(3) Defendant says that plaintiff was guilty of negligence which proximately contributed to the injuries complained of, in that plaintiff negligently and voluntarily left the place he was standing upon the floor of defendant's factory in front of one of defendant's bagging machines, and negligently proceeded to get upon a platform which was in close proximity to the pulley which was used in operating the said bagging machine

of defendant, and the belt which was or had been upon said pulley, and that said platform was several feet, to wit, five or seven feet, above the floor on which plaintiff had been standing, and that after plaintiff had so negligently gotten upon said platform he negligently and without reasonable care allowed or permitted his body or clothing to come into contact with said pulley, or the belt which had been operating said pulley, or the shaft on which said pulley was working, and at said time said pulley and shaft were revolving, and by reason of said negligence in so permitting or allowing his body or his clothing to come in contact with said pulley, belt, or shaft the plaintiff sustained the injuries complained of.

"(4) Defendant says that at the time plaintiff sustained the injuries complained of he was not engaged in the performance of any duty for which he was employed by defendant, or to which he had been assigned by defendant, or by any one in defendant's employment whose orders the plaintiff was bound to obey; that at the time or just before sustaining said injuries plaintiff voluntarily left the performance of his duties to which he had been assigned by the person having charge and control of him, and came into defendant's factory and near to what is known as a 'baggage machine' in defendant's fertilizer factory; that at said time the said baggage machine had been stopped for the purpose of having the same unchoked, and that one of defendant's employes was unchoking the machine; that while so standing in front of said machine, and without being ordered by defendant or any one of its employes whose orders plaintiff was required to obey, plaintiff negligently and voluntarily left the floor where he was standing, and proceeded to go upon a platform several feet above said floor, to wit, seven or ten feet; that above

said platform, to wit, three or four feet, there was at that time a pulley revolving upon a shaft attached to a post, upon which pulley there had been a belt for the purpose of running said bagging machine, and after so negligently going upon said platform plaintiff negligently permitted or allowed his personal clothing to come in contact with a pulley which was suspended on said shaft; and that said negligence on part of plaintiff in permitting or allowing his said personal clothing to come in contact with said pulley proximately contributed to the injuries complained of.

"(5) Defendant says that at the time plaintiff sustained the injuries complained of he was not engaged in the performance of any duty for which he was employed by defendant, or to which he had been assigned by defendant, or by any one in defendant's employment," etc., as in plea 4.

(7) Same as 4 and 5.

The following grounds of demurrer were assigned severally and separately to each of the above pleas: "It fails to aver or show any fact constituting negligence on the part of the plaintiff. It states the conclusion of the pleader, without averring any facts constituting negligence. It shows no causal connection between the negligence averred and the injury complained of. It neither traverses the allegations of the complaint, nor confesses and avoids them. It fails to aver that plaintiff knew or should have known of his danger."

RUSHTON & COLEMAN, for appellant. The first count was subject to the demurrers interposed.—13 Ency P. & P. pp. 894-896 and 908; 2 Labatt M. & S. secs. 854-63 and notes; L. & N. R. R. Co. v. Jones, 130 Ala. 456; Whatley v. Zenida Coal Co., 122 Ala. 118. On these same authorities, demurrer should have been sustained

to the 2nd count, as well as to the 3rd count. Demurrers should have been sustained to the 5th and 6th count.— *Southern Ry. Co. v. Shields,* 121 Ala. 462; *Bear Creek Mill Co. v. Parker,* 134 Ala. 293. The court erred in sustaining demurrers to defendant's pleas.—*B'ham Furnace & Mfg. Co. v. Gross,* 97 Ala. 220; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160; *K. C., M. & B. R. R. Co.v. Crocker,* 95 Ala. 412; *Postal Tel. Co. v. Hulsey,* 115 Ala. 193; *Johnson v. L. & N. R. R. Co.,* 104 Ala. 241; *Tenn. C. I. & R. R. Co. v. Herndon,* 100 Ala. 457; *Osborne v. Ala. Steel & Wire Co.,* 135 Ala. 571; *Sou. Ry. v. Sheldon,* 136 Ala. 191; *Ala. Midland R. R. Co. v. Johnson,* 123 Ala. 197.

HILL, HILL & WHITING, for appellee. Under the present condition of the record nothing is presented for review except the demurrer which goes to the complaint as a whole.—107 Ala. 400; 123 Ala. 411; 144 Ala. 541. The record fails to show the ruling on the demurrers to the various counts of the complaint, and hence, they are supposed to be abandoned.—98 Ala. 608; 86 Ala. 132; 83 Ala. 326; 118 Ala. 215; 109 Ala. 196; 110 Ala. 446. The court properly sustained demurrers to the pleas.— 4 Mayf. Dig. p. 311; 5 Mayf. Dig. p. 718.

ANDERSON, J.—The only recital to be found in the judgment entry in reference to a ruling on a demurrer to the complaint is as follows: "And the defendant's demurrer to the complaint being argued by counsel and understood by the court, it is considered and ordered by the court that the said demurrer to the complaint be and the same is hereby overruled." This entry clearly refers to a single demurrer to the complaint in its entirety, and not to separate and distinct demurrers to separate and distinct counts of the complaint. We find

no such demurrer as is treated in the judgment entry in the record. When the record recites the overruling of a demurrer, but which said demurrer does not appear in the record, we cannot review the action of the court in overruling same.—*Jones v. Ala. Min. R. R. Co.*, 107 Ala. 400, 18 South. 30; *Holley v. Coffee*, 123 Ala. 411, 26 South. 239; *Cooley v. U. S. Savings Co.*, 144 Ala. 541, 39 South 515. The record discloses a number of demurrers to separate and distinct counts of the complaint; but the judgment entry shows no action by the court on same, the only ruling being upon a single demurrer purporting to be filed to the complaint in its entirety, and not separately and severally to the different counts. The assignments of error are: "The court erred in overruling the defendant's demurrer to the first count of the complaint"—and so on from the first to the tenth count, inclusive. Yet the judgment entry discloses no such rulings as the ones complained of in the assignments of error, above noted. It may be that no such demurrer was interposed as is passed upon in the judgment entry, and that the court intended to rule upon the demurrers presented by the record; but we cannot read the judgment entry contrary to its plain and clear recital in order to put the trial court in error as to demurrers which do not appear to have been considered. We therefore have no ruling on demurrers to the complaint properly presented for review.

The trial court did not commit reversible error in sustaining the demurrers to the defendant's special pleas 2, 3, 4, 5, and 7. They seem to traverse or deny in part the material allegations of the complaint, by charging the defendant with having abandoned his place of duty and denying that he was engaged in the performance of any duty at the time he was injured, and in addition thereto attempt to set up contributory negligence.

Should they be treated as traversing the complaint, and good as such, which we do not decide, the defendant got the benefit of same under the general issue. On the other hand, they were not sufficient as pleas of contributory negligence, for failing to set up the facts and details constituting negligence. While a complaint can aver negligence generally, this rule does not obtain as to a plea, and one setting up contributory negligence is not sufficient, unless it aver the facts constituting the contributory negligence. 4 Mayfield's Dig. p. 311, and cases cited in section 278.

The judgment of the city court is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.

*Action for Damages for Injury to Minor Child.*

