(110 So. 140)

**ROGERS v. ROGERS. (3 Div. 739.)**

(Supreme Court of Alabama. Nov. 17, 1926.)

**1. Appeal and error ⊙⇒77(1).**

Decree for counsel fees and alimony pendente lite is interlocutory.

**2. Mandamus ⊙⇒4(3).**

Review of decree for counsel fees and alimony pendente lite in suit for alimony without divorce is by mandamus, there being no remedy by appeal.

**3. Appeal and error ⊙⇒77(1)—In suit for alimony without divorce, decree on final submission awarding alimony pendente lite and counsel fees, and also future alimony until further orders of court, held final and appealable.**

Where cause for alimony without divorce is submitted for final decree on report of register and exceptions, decree confirming report awarding alimony pendente lite and counsel fees, and awarding fixed sum, payable monthly, as alimony for future, "until the further orders of the court," and decreeing costs against husband, held final, so as to support appeal.

**4. Husband and wife ⊙⇒283(2).**

Wife, forced to leave home by husband's extreme cruelty in persistently and falsely accusing her of unfaithfulness, held entitled to alimony for maintenance of herself and children, without divorce.

**5. Husband and wife ⊙⇒283(3).**

False charge of unfaithfulness by husband held extreme cruelty.

**6. Husband and wife ⊙⇒283(2).**

Husband's duty to maintain wife is not limited to home he has provided, where his wrongful conduct gave her good cause to depart.

**7. Husband and wife ⊙⇒298(1, 2)—Percentage of husband's net income to be awarded for maintenance of wife in suit for alimony without divorce depends on facts of individual case.**

Percentage of husband's net income to be awarded for maintenance of wife in suit for alimony without divorce depends on facts of individual case, there being no fixed percentage; but it generally does not exceed one-half.

**8. Husband and wife ⊙⇒297—Evidence held not to support finding as to income of husband and proper alimony allowance.**

Evidence held not to support award of $20 per month permanent alimony against husband, who owned small farm and some live stock but had no other source of income.

**9. Husband and wife ⊙⇒295—Alimony pendente lite not exceeding $100 per year for full time that suit was pending held not excessive, where husband's sole source of income was small farm.**

Alimony pendente lite not exceeding $100 per year for full time that suit was pending held not excessive, where husband's sole source of income was small farm, and fact that such amount was reached by awarding $20 per month for a part of such time was immaterial.

**10. Husband and wife ⊙⇒299(4)—Awarding execution for collection of alimony and counsel fees in suit for alimony without divorce held proper.**

Awarding execution for collection of alimony and counsel fees in suit for alimony without divorce held proper, notwithstanding that alimony in such action is based on income, since, as related to exemptions, demand is in tort and not ex contractu.

Appeal from Circuit Court, Escambia County; John D. Leigh, Judge.

Bill in equity by Tula B. Rogers against George W. Rogers. Decree for complainant, and respondent appeals. Affirmed in part, and in part reversed and remanded.

Thos. B. Hill, Jr., of Montgomery, for appellant.

The award of alimony was excessive; it should be graded by his means, position, and income. Brady v. Brady, 144 Ala. 414, 39 So. 237. The decree here is final and will support an appeal. Code 1923, § 6078; Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 So. 228; De Graffenried v. Breitling, 192 Ala. 259, 68 So. 265; Malone v. Marriott, 64 Ala. 486.

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Hamilton &' Caffey, of Brewton, for appellee.

A decree ordering allowance of alimony and support ·pending litigation is not such a final decree as will support an appeal. Brady v. Brady, 144 Ala. 414, 39 So. 237; Jordan v. Jordan, 175 Ala. 640, 57 So. 436; Jackson v. Jackson, 211 Ala. 277, 100 So. 332; Buttrey v. Buttrey, 214 Ala. 465, 108 So. 35. The finding of the register, based on oral testimony, will not be disturbed, unless plainly erroneous. Johnston v. Johnston, 212 Ala. 351, 102 So. 709.

BOULDIN, J. The suit is for alimony without divorce.

[1, 2] A decree for counsel fees and alimony pendente lite is interlocutory. No statute providing for review by appeal, no such remedy obtains. The remedy is by mandamus. Brady v. Brady, 144 Ala. 414, 39 So. 237; Jackson v. Jackson, 211 Ala. 277, 100 So. 332.

The same rule has been applied to a decree on a motion to modify an allowance to the wife for the maintenance of a child, the decree being left open and cause retained for that purpose. Buttrey v. Buttrey, 214 Ala. 465, 108 So. 35.

In that case alimony to the wife was awarded in a lump sum, with the additional continuing allowance for the child. The opinion treats and speaks of the main decree as a final one.

[3] Where, as here, the cause is submitted for final decree upon the report of the register and exceptions, and after confirming the report awarding alimony pendente lite and counsel fees, the court proceeds to decree alimony for the future, awarding a fixed sum payable monthly "until the further orders of the court," and decreeing the cost of suit against respondent, we think the decree is final in such sense as will support an appeal. It is a full determination of the equities in the case; adjudicates the right to alimony and the amount thereof under present conditions. The finality of the decree as regards an appeal is not affected by retention of power to modify by further orders to meet changed conditions. Morgan v. Morgan, 211 Ala. 7, 99 So. 185; Bell v. King, 210 Ala. 551, 98 So. 794.

[4] We have found it difficult to decide this case upon its merits. It is the story of husband and wife toiling together for some 20 years to acquire and pay for a little farm home and rear a large family. The details of the life of labor and simple, hard living could serve no good purpose. We are' impressed that in the mere matter of providing food, shelter, and clothing, and sending the children to school, there was no such want of interest and effort on the part of the husband and father as would, for that cause alone,

justify the wife in a severance of the family relation.

[5, 6] In the exercise of the fatherly duty of family discipline, much must be left to discretion and judgment. Yet, if carried to .a point of cruelty, it is the right of the mother to intervene. Sparing details, we conclude on the whole the father was not free from fault in the deprivation and severity which led the three oldest children to leave the family roof one by one, the daughter just entering young womanhood, and the boys mere youths. This conclusion is fortified by the fact that the young lady went forward promptly to qualify and teach school and soon married, and nothing indicates the boys are wanting in an effort to make their own way. We note further that when the mother left the family home, the seven youngest, including those 15 and 14 years of age, went with her, and it does not appear any one of them has been inclined to stay with the father, although their new life, it appears, has carried hardship and work much as before. A sharp controversy appears as to the personal treatment of the husband toward the wife. Upon a study of the testimony of both, points of corroboration by other evidence, and all the circumstances, we accept the testimony of the wife on this line as substantially true. In view of her admitted purity and manifest loyalty to all the relations of wife and mother, the charge of unfaithfulness by the husband must be regarded as extreme cruelty. Mindful of the definition of cruelty in our law as a ground of divorce, we nevertheless must hold that persistent false accusation of this sort, unatoned, causing the wife to leave his roof, does not forfeit her right to continued maintenance. It is a sound, just rule that declares the husband's duty to maintain the wife is conditioned upon her acceptance of same in the home he has provided. A voluntary abandonment of the husband by the wife is also an. abandonment of her claims upon him. But this rule cannot be invoked if the husband's wrongful conduct, judged by the standard of right, has given the wife good case to depart. Each case must be determined on basic principles of equity and justice. We think the decree correct in finding complainant entitled to alimony in the nature of maintenance for herself and children. This conclusion is reached without presumption in favor of the finding of the court or register. The register was not directed and did not report upon that issue, and the trial court heard the case on written testimony noted by him.

[7] No fixed percentage of the husband's income is, in all cases, to be awarded for the maintenance of the wife in suits of this character. In general, as between husband and wife, it should not exceed one-half the net income. Brady v. Brady, 144 Ala. 414, 39 So. 237. But the presence of seven children,

including two little ones, afflicted from birth, makes a different case. The obligation of the father to do a full share in supporting his children is an abiding one. If the income of the father with the income of the wife aided by the services of the older children is barely sufficient to support the entire family, himself included, the equity of the case may require all to share much as if they were still living, as they should be, in the same home.

[8] The register reported respondent's income at $600 per year; and a proper allowance for alimony pendente lite at $20 per month. Allowing all the presumptions in favor of his findings of fact, we cannot concur in his report on annual income. Without conflict the evidence shows the husband owned a little farm, valued by appellee at $3,000 and rental value at $300; her witnesses placed the value of the farm at $2,000 and rental value at $150 to $200 per year. He owned live stock valued at $200 to $400. He had no other source of income. The actual income from farming operations by himself and family figured on crops of 1919 and 1920 does not show a net income approximating the amount reported.

[9] The record, however, shows the following: Bill filed November 2, 1920; decree of reference November 9, 1920; evidence taken November 29, 1920; report of register filed September 15, 1923; final decree confirming report and fixing alimony March 13, 1925. The suit was pending more than four years. During this time respondent was advised he was being called upon to contribute of his income to his family. Why this unusual delay does not appear. The court did not award alimony pendente lite for the full period at $20 per month, but only from the date of the report of the register to the final decree, aggregating $410, or less than $100 per annum for the full time. It does not appear this was excessive.

The decree awarding alimony pendente lite to March 13, 1925, $410, and counsel fee $50, is affirmed. The provision of the decree fixing permanent alimony at $20 per month is reversed and the cause remanded, with directions to allow the taking of further proof of net income of recent years wherein respondent has not had the services of the family in making crops and proof of the family needs. The weight of the evidence is that respondent, by reason of heart disease, had become disabled to do heavy and continuous farm work. Taxes, cost of necessary repairs on improvements, and actual expense for hired labor, fertilizer, and the like, are to be deducted in finding the net income available for the maintenance of himself and family.

[10] There is no error in awarding execution for the collection of alimony and counsel fees. While alimony in this form of action is based on income, if not paid when duly decreed, collection may be enforced by execution

as in other cases. As related to exemptions, the demand is in tort and not ex contractu.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.