(112 So. 836)

## DONALDSON v. DONALDSON.
### (6 Div. 817.)

Supreme Court of Alabama. April 7, 1927.

Rehearing Denied May 26, 1927.

1. **Divorce** ⬅⟿286—**Question as to amount of allowance of alimony as fixed by first decree held not presented for review on appeal from later decree refusing to reduce alimony, and taken more than six months after rendition of first decree (Code 1923, § 6127).**

In suit for divorce and alimony, where appeal was specifically taken from decree declining to reduce allowance of alimony granted in former decree and which was more than six months after rendition of former decree, question as to amount of allowance as fixed by former decree was not presented to Supreme Court for review, in view of Code 1923, § 6127.

2. **Divorce** ⬅⟿242—**Court denying divorce but awarding alimony could not award wife husband's land.**

In proceeding by wife for divorce and alimony, wherein she was denied divorce but allowed alimony, allotting wife 40 acres of husband's land for her use and occupancy was error; court having no power to take property from the one and give it to the other, but only to enforce maintenance from income.

3. **Divorce** ⬅⟿267 — **Court, denying wife divorce but allowing alimony, might appoint receiver to deal with income from husband's land.**

In proceeding by wife for divorce and alimony, wherein she was denied divorce, but awarded alimony, court had power to appoint a receiver to deal with the income from husband's land.

Appeal from Circuit Court, Winston County; Ernest Lacy, Judge.

Bill for divorce and alimony by Nancy L. Donaldson against J. A. Donaldson. From a decree granting certain relief to complainant, respondent appeals. Affirmed in part, and in part reversed and remanded.

Williams & Chenault, of Russellville, for appellant.

The evidence in the case did not justify the decree. The trial court, after denial of divorce, was authorized to deal only with the income of the husband, not more than half of which could be given to the wife. Murray v. Murray, 84 Ala. 363, 4 So. 239; Brady v. Brady, 144 Ala. 414, 39 So. 237; Clisby v. Clisby, 160 Ala. 572, 49 So. 445, 135 Am. St. Rep. 110. The court may not divest the husband of his property and invest it in the wife. Glover v. Glover, 16 Ala. 440; Hinds v. Hinds, 80 Ala. 225.

T. B. Russell, of Haleyville, for appellee.

A decree for alimony may be enforced as other decrees are enforced. Rogers v. Rogers, 215 Ala. 259, 110 So. 140.

GARDNER, J. Bill filed by appellee against appellant for divorce and alimony. Upon consideration of the cause for final decree on pleadings and proof, the trial court found the evidence insufficient upon which to base a decree for divorce, but sufficient for the award of alimony, and decreed accordingly. This decree, which was rendered on January 5, 1926, authorized the issuance of execution against defendant in the event of his failure to make the payments therein provided. Subsequently defendant filed petition for a modification of this decree, and complainant also filed a motion seeking to have a certain portion of defendant's land (165 acres) allotted to complainant for her use and occupancy, and on June 15, 1926, the court declined to reduce the allowance as sought by defendant's petition, and entered a decree appointing a receiver, and also allotting to complainant 40 acres of the 165 acres for her use and occupancy as prayed in her petition.

[1, 2] The appeal is specifically taken from this latter decree of June 15, 1926, and more than six months after the rendition of the decree of January 5, 1926. Section 6127, Code of 1923. The question therefore as to the

---

amount of allowance as fixed by the first decree is not here presented for review. As finally determined, the cause remained as one for alimony only, and, speaking of the power of the court in cases of this character, in Clisby v. Clisby, 160 Ala. 572, 49 So. 445, 135 Am. St. Rep. 110, it was said:

"Courts in this proceeding cannot take property from one and give it to the other. The only duty which the court can enforce is maintenance, and for this purpose can only deal with the incomes of the parties, having no power to compel either to labor for the other; nor should the court divest either of the corpus of his estate."

The learned trial judge was endeavoring to make suitable provision for complainant's support, and was evidently impressed with the view that execution could not be ordered issued for satisfaction of the alimony decree. In the recent case of Rogers v. Rogers (Ala. Sup.) 110 So. 140,[1] this question was settled in favor of the issuance of such execution, and counsel for appellee now state in brief that this ruling meets all requirements, and no objection is interposed to eliminating this portion of the decree as to the allotment to complainant of a portion of the 165 acres.

[3] We are of the opinion this portion of the decree was laid in error as violative of the rule above quoted from the Clisby Case, supra. The court, however, was authorized to appoint a receiver, dealing with the income of the property. From the opinion of the court, a receivership may appear of doubtful value, in view of the value of the estate, and the amount of income derived therefrom, but we find no occasion to disturb the action of the court in this respect as this is a question the trial court may better deal with upon remandment of the cause.

It results, therefore, that the decree appealed from will be in part affirmed, and in part reversed and remanded.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.

