(119 So. 210)
**BAHLMAN v. BAHLMAN.** (1 Div. 499.)

Supreme Court of Alabama. Dec. 20, 1928.

Jesse F. Hogan, of Mobile, for appellant.

Smiths, Young & Johnston, of Mobile, for appellee.

BOULDIN, J. We are not disposed to question the power and duty of the court, in a proper case, to modify a decree for separate maintenance of the wife, without any specific provision retaining the cause for such purpose.

The distinction between this class of cases, wherein the relation of husband and wife with the mutual duties of such relation still subsist, and cases of absolute divorce, wherein all property rights as well as marital relations are adjudicated, has been often recognized by this court.

In the nature of the case, the decree determines that under existing conditions the wife is entitled to separate maintenance, and the amount thereof. A decree fixing a monthly allowance does not usually define the event upon which payment shall cease. It is intended to continue until the relation of husband and wife shall cease, or until, from changed conditions, the duty of separate maintenance shall cease, to be determined when occasion arises. Many events are recognized in the authorities for termination of the allowance besides termination of the relation of husband and wife by death or divorce.

520

So the amount of the allowance is subject to modification by reason of change in the husband's income. We would not seek to state a general rule as to what other conditions call for modification. Every case should be determined on its own facts. The aim is to do justice between the parties in view of all the conditions. Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214; McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318; Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911; Clisby v. Clisby, 160 Ala. 572, 49 So. 445, 135 Am. St. Rep. 110; 30 C. J. 1095, § 914.

In the present case the facts are not materially in dispute. It appears the husband abandoned the wife without cause; that in 1924 a decree entered by agreement of parties fixed the wife's allowance at $75 per month, payable in semi-monthly installments. So far as appears in this proceeding to modify, the husband's wrongful abandonment of his wife still persists.

The needs of his dependent mother, because of continued illness of her second husband, call for self-denial on the part of the son, before any reduction of the allowance to his deserted wife. The husband's net income is admitted to be $216 per month. After paying $75 to his wife, $141 per month remains. Relief of his mother to the amount of $40 to $50 per month does not appear to be any undue hardship on the son and husband.

That the wife works, instead of remaining idle, or that her parents furnish her shelter, does not relieve the husband under the facts of this case. The primary obligation is on him.

Appeal dismissed; mandamus denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.