199 So. 844

**WALLIS v. WALLIS.**

**6 Div. 715.**

Supreme Court of Alabama.

Jan. 16, 1941.

Wright & Smith, of Fayette, for appellant.

Robt. F. Peters and C. M. Holder, both of Fayette, for appellee.

440

FOSTER, Justice.

This is a suit for alimony without divorce. The parties had been married about fifty years. The wife was sixtynine years old and the husband about seventy-two. They had farmed all of their married life, had acquired a farm of three hundred and forty acres in his name, with about five or six mule farm. For several years no profit had been made on it. The land was assessed at $1,220 and a small amount of livestock and farm equipment. But he had about $4,000 in cash, which he withdrew from the bank. No debts are shown. They had reared five children to maturity: all were married and lived apart.

Neither of the parents was in good health: both are old and feeble. There was friction between the husband and one son, and the wife sided with the son. There was a fuss and the husband struck and bruised the wife, whereupon she went to live with this son. They prosecuted the husband and caused him to pay a small fine. The son seemed to want money from him.

■ There was no justification in morals or law for the husband to strike his wife. Murray v. Murray, 238 Ala. 158, 189 So. 877. And it was sufficient cause for her to live separate from him, and to claim separate maintenance. Waldrop v. Waldrop, 222 Ala. 625, 134 So. 1.

·■■ The rule also is that such allowance is based upon his earnings or income and earning capacity, not on the corpus of his estate. Waldrop v. Waldrop, supra; Drew v. Drew, 226 Ala. 43, 145 So. 495; Rogers v. Rogers, 215 Ala. 259, 110 So. 140; Brady v. Brady, 144 Ala. 414, 39 So. 237; Donaldson v. Donaldson, 216 Ala. 259, 112 So. 836. But if not paid as directed, collection may be enforced as of other decrees out of any property subject to the payment of debts. Rogers v. Rogers, supra; Donaldson v. Donaldson, supra.

■■ The evidence shows that both of them worked hard and long to accumulate this estate. That she had much to do with it. But in such a proceeding, not involving permanent alimony and divorce, the court cannot divide the property between them. Her dower right is not affected, but she cannot get its equivalent without a divorce until his death. He has been making a gross of seven to twelve bales of cotton on the land. It does not appear that he produced other crops with cash value. The court allowed thirty dollars a month for maintenance, and one hundred dollars for her attorney's fee, and declared a lien for its payment on all his property of every description, but without giving a specific description of any of it, even by reference to other sources.

■ They have five children, as we have said. The wife has gone to live with one who is hostile to the husband, and to whom she is likely to pay the support money. The other children are not hostile to him. The allowance is more than half of the husband's cash income, considering the value of the cotton as net profit. No part of this is for minor children to whom he owes maintenance. He offers to take his wife back in the home where she has been for fifty years. Neither of them manifests a commendable spirit. He had recently expended about five hundred dollars in medical attention to her. He is not shown to have earning capacity other than as may be incidental to his property holdings. The situation is not greatly different in many respects from that of Rogers v. Rogers, supra. The husband should not be required, through this process, to give one son more than his share. We think two hundred dollars a year is a sufficient allowance for her separate maintenance and one hundred dollars for her attorney's fee, unless some extraordinary need arises, when a special allowance may be made by the trial court.

The decree of the court should not tie up all his operations by creating a lien on all his property. Granting that such lien may be created, Smith v. Rogers, 215 Ala. 581, 112 So. 190; Phillips v. Phillips, 221 Ala. 455, 129 So. 3; 17 Am.Jur. 487, et seq., section 638; 79 A.L.R. 255 et seq., it should describe the property with sufficient particularity (19 Corpus Juris 314, section 725, note 38), and in the interest of fairness should be limited to the three hundred and forty acres of land. See, 102 Am.St.Rep. 703, 708. We think it would be unjust to extend the lien here to all his property and effects. The decree does not provide the details for enforcing the lien thus declared to exist.

The decree of the circuit court, in equity, is modified so that the maintenance allowance is fixed at two hundred dollars a year, one hundred dollars is made payable January 1st, and one hundred dollars on July 1st of each year: the first payment is directed to be made at once, and the next on July 1st, 1941; and one hundred dollars for attorney's fee payable forthwith, and to declare a lien for their payment on the three hundred and forty acres of land owned by appellant in Fayette County, Alabama, on which he resides as a homestead. If said sums are not promptly paid when due, an application may be made in a supplementary proceeding in the circuit court, in equity, in this cause to enforce the lien hereby declared for its payment. Full jurisdiction is reserved for that court to that extent as well as to modify the amount of the allowance if equitable to meet conditions which may hereafter be different from what they are as shown by this record. All the costs of both courts are taxed against appellant.

Modified and affirmed.

GARDNER, C. J., BOULDIN, and LIVINGSTON, JJ., concur.

BOULDIN, Justice (limiting concurrence).

I concur in the decision in this cause. The opinion discloses the result is worked out on equitable grounds in view of the facts of the case.

However, I apprehend that our repeated announcement of the rule that allowances of this sort can be made only from the income or earning capacity of the husband, without limiting its application, may lead to manifest injustice.

One of the basic, fundamental, everywhere recognized legal obligations of the husband is the support and maintenance of his wife. This obligation is conditioned on the obligation of the wife to live with the husband and contribute to the making of a home for both.

If the husband, by wrongful conduct, drives the wife from home, so demeans himself that she may rightfully leave him, and take up her abode elsewhere, the husband's obligation to furnish support and maintenance is not abrogated, nor lessened. It may be the more imperative.

Here, we have a case of two old people, who have lived and labored together for half a century, accumulating not only a body of farm lands, but a substantial estate in money. Suppose, by reason of age and other conditions, the husband has ceased to have earning capacity, or any substantial income from his holdings, very like the case before us, what of the rule? If, in such case, he turn his wife out, and she does not want to finally sever the bonds of matrimony (if indeed she could do so), but asks a court of equity to require her husband to fulfill his obligation to support and maintain his wife, will she be denied relief because there is no income nor earning capacity, when there is an estate frugally accumulated for old age?

To ask the question, to my thinking, is to answer it in the negative. The notion that the income and earning capacity alone are to be considered because the wife is not entitled to a division of the corpus of the estate, and will get dower and distributive share at the death of the husband, is wholly illogical. It ignores the clear duty of the husband while living. The duty of maintenance is the reason for making any allowance. The estate to be divided on absolute divorce, or on the death of the husband, is not to be enhanced by disregard of obligations while living. To deny the wife the means of living, without fault on her part, because she may, by suing for an absolute divorce, obtain permanent alimony based on the value of the estate of the husband, is unjust. It would tend to force this course of action, when sound policy dictates that all incentives to reconciliation be left intact.

To deny her the means of living on the idea that maybe, if she survives the hus-

442

hand, she will get a share in the estate, is really absurd.

I write this merely to go on record to the effect that the rule stated in above opinion, following a long line of decisions, is not to be applied in disregard of the continuing obligations of the husband to support the wife, even from the corpus of the estate, if need be.