34 So.2d 207

**Ex parte STRICKLIN.**

**4 Div. 476.**

Supreme Court of Alabama.

Feb. 26, 1948.

C. L. Hybart and R. L. Jones, both of Monroeville, E. O. Baldwin, of Andalusia,

and Clyde M. Love, of Florala, for petitioner.

Powell, Albritton & Albritton and Albert L. Rankin, all of Andalusia, for respondent.

BROWN, Justice.

This is an original application for mandamus seeking to review an interlocutory decree of the Circuit Court of Covington County confirming the report of the register of said court made in pursuance to a decree of reference directing him to ascertain the faculties of the complainant in the divorce proceeding filed by the petitioner and his ability to pay alimony to his wife, the respondent, for her support and for the support of the minor children of the marriage pendente lite.

Upon the filing of the application and its presentation to the court, a rule nisi was ordered to issue returnable on January 15, 1948, the rule nisi being directed to the Hon. Roy Mayhall, the circuit judge presiding at the time said decree confirming the report of the register was entered. Upon service of the rule nisi the judge presiding filed his return thereto together with a complete transcript of the record and proceedings, including the testimony taken before the register, the report of the register and the decree of the court confirming said report. In said return the trial judge asserted that the evidence before the register shows petitioner is not in financial distress, and that his "earn-

292

ings are very substantial, being in excess of $7500.00 a year." This return is not controverted.

■ It is familiar law that unless the return to the rule nisi is controverted, the facts stated in the return will be taken as true. Jones v. Opelika, 242 Ala. 24, 27, 4 So.2d 509; Code 1940, Tit. 7, § 1073; Ex parte Beard et al., 246 Ala. 338, 20 So.2d 721.

■ Also "a register's report based on the oral examination of witnesses is presumed to be correct. Bidwell v. Johnson, 195 Ala. 547, 70 So. 685. Where the petition for mandamus alleges the amount of alimony and attorney's fees allowed is excessive, the burden of proof as to this is imposed upon the petitioner. The finding of facts made and reported by the register is like unto the verdict of a jury, and will not be disturbed unless clearly wrong." Ex parte Harris, 228 Ala. 88, 90, 152 So. 449; Ex parte Wood, 215 Ala. 280, 281, 110 So. 409; Curtis v. Curtis, 180 Ala. 70, 60 So. 165; Johnston v. Johnston, 212 Ala. 351, 102 So. 709.

■ After careful examination of the testimony embodied in the certified transcript of the proceedings made a part of the return to the rule nisi, we cannot affirm that the court erred in overruling the exceptions to the register's report. Therefore, the mandamus is due to be denied.

Mandamus denied and petition dismissed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.