48 So.2d 329

**Ex parte HYATT.**

**6 Div. 47.**

Supreme Court of Alabama.

Oct. 26, 1950.

———◆———

Berkowitz, Fleisher & Miller, of Birmingham, for petitioner.

360

Taylor, Higgins, Windham & Perdue, of Birmingham, for respondent.

LAWSON, Justice.

Lillian Miller Hyatt filed her bill in the circuit court of Jefferson County, in equity, against her husband, Robert Hyatt, praying for a decree awarding alimony without divorce. It is alleged in the bill that the parties were married on March 14, 1948, and that the husband voluntarily abandoned the wife on October 18, 1949.

Pending a final decree, the court, on the motion of the said Lillian Miller Hyatt, ordered a reference to ascertain and report, among other things, "what, if any, would be a reasonable sum to allow complainant as alimony pendente lite."

The register reported that the wife has no income and that the husband has an income of approximately $400 per month; that the sum of $100 per month would be a reasonable sum to be allowed the said Lillian Miller Hyatt "as maintenance and support pendente lite." The exceptions in-

terposed to the register's report by the respondent, Robert Hyatt, were overruled by the trial court and the report of the register was ratified and confirmed.

This is an original application for mandamus to review the interlocutory decree confirming the report of the register.

■■ The remedy by petition for writ of mandamus is not questioned by demurrer. It was the proper course for Robert Hyatt to pursue, as no appeal is allowed by law from such a decree as is sought to be reviewed. Ex parte Eubank, 206 Ala. 8, 89 So. 656; State ex rel. Sellers v. Locke, Judge, 208 Ala. 169, 93 So. 876. See Ex parte Stricklin, 250 Ala. 291, 34 So.2d 207.

The application filed here contains the following averment: "A certified copy of all said proceedings and the testimony taken before the Register is attached to this petition and made a part hereof as if though fully set out herein, marked Exhibit 'A'."

As to such averments of the application, the return of the judge to the rule nisi says: " * * * the respondent says in answer thereto that neither the petition nor the Exhibit 'A' attached thereto, contain a certificate of the Register of the Circuit Court, Tenth Judicial Circuit of Alabama, nor has the respondent agreed that the Court consider the same as and for 'a certified copy of all said proceedings and the testimony taken before the Register' in said cause."

But there is such a certificate of the register. It is as follows:

"I, G. H. Boyd, Register of the Circuit Court, Tenth Judicial Circuit of Alabama, in equity, hereby certify that the foregoing pages Numbered respectively, Pages 5, 6, 7 thru 8 inclusive, contains a full, true, correct and exact copy of the Original Bill, Motion for Decree of Reference, and decree of Reference; and I further certify that pages number 8 thru 35 contains a true and exact copy of the Testimony and Exhibits offered in the cause, and pages 35 thru 37 contains a true and correct copy of the Report of the Register, exceptions to the Report of the Register taken by the Respondent and Decree overruling excep-

tions and confirming Registers Report, in the cause of Lillian Miller Hyatt, Complainant, vs. Robert Hyatt, Respondent, all of which appears of record in this court.

"Witness my hand and seal of office, this the 31st day of March, 1950.

G. H. Boyd
Register"

 . The register's report was based on evidence taken orally before the register. In such instances the report of the register is presumed to be correct. Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Ex parte Stricklin, 250 Ala. 291, 34 So.2d 207.

Where, as here, the application for mandamus alleges the amount of alimony to be excessive, the burden of proof as to this is imposed upon the applicant. The finding of facts made and reported by the register is like unto the verdict of a jury, and will not be disturbed unless clearly wrong. Ex parte Harris, 228 Ala. 88, 152 So. 449.

The rule has been declared in this state that, in awarding separate maintenance or alimony without suit for divorce, the court deals only with the husband's income. Waldrop v. Waldrop, 222 Ala. 625, 134 So. 1, and cases cited.

But it is also firmly fixed in our law that actual temporary income is not the sole basis of such an award. Available income from property holdings and *earning capacity* are factors now fully considered. Waldrop v. Waldrop, supra; Wallis v. Wallis, 240 Ala. 439, 199 So. 844; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645. This rule applies to allowances for alimony pendente lite. Ex parte Whitehead, 179 Ala. 652, 60 So. 924.

In the instant case the wife shows a necessity for her support pending the suit. It is without dispute that she has no income whatsoever and that since the separation she has been forced to live with her father and mother. The fact that the wife's parents furnish her shelter and support does not relieve the husband of the primary obligation which is upon him.

Bahlman v. Bahlman, 218 Ala. 519, 119 So. 210. We are clear to the conclusion that the evidence clearly supports the trial court's decree to the effect that the wife is without income within the meaning of the rule announced in Brady v. Brady, 144 Ala. 414, 39 So. 237, which rule has been followed in a number of our cases. See Ex parte State ex rel. Tissier, 214 Ala. 219, 106 So. 866; Higgins v. Higgins, 222 Ala. 44, 130 So. 677; Ex parte Williams, 223 Ala. 221, 135 So. 172; Mancil v. Mancil, 240 Ala. 404, 199 So. 810.

Petitioner's main insistence is that there was no evidence to support the award of $100 per month and such an award, in view of the evidence as it relates to the husband's income and earning ability, is unduly and unjustly burdensome on him.

After a careful review of the evidence as it relates to the earnings of the petitioner and to his ability to earn, we are unwilling to say that the report of the register is clearly wrong. A discussion of the evidence would serve no useful purpose and we rest content with a statement of the conclusion reached. We hold, therefore, that the allowance to the wife pendente lite should not be reduced.

The writ is denied.

BROWN, FOSTER, LIVINGSTON, SIMPSON and STAKELY, JJ., concur.