55 So.2d 749

**ROWE v. ROWE.**

**4 Div. 671.**

Supreme Court of Alabama.

Dec. 21, 1951.

492

Walter J. Knabe, Montgomery, for appellee.

C. L. Rowe, pro se.

SIMPSON, Justice.

The appeal is from an interlocutory decree overruling a demurrer to a bill in equity. Appellee, wife of appellant, filed the bill, which is in two aspects. The first aspect sues appellant for separate maintenance and the second aspect relates to property and a division thereof. The first aspect is good, the second bad.

Demurrer was addressed to the bill as a whole and also specially to the two aspects. Without ruling on the demurrers to the separate aspects, the trial court rendered a general decree overruling the demurrer to the bill. The effect of such a ruling was a ruling only on the demurrer to the bill as a whole and if either aspect were good, the decree is due to be affirmed. Badham v. Johnston, 239 Ala. 48, 193 So. 420. Cf. Alabama Chemical Co. v. Niles, 156 Ala. 298, 47 So. 239. See The Alabama Lawyer, Vol. 12 (1951), pp. 344, 353, The Demurrer in Equity, by Judge E. N. Creel. This is merely a corollary to the principle long established in our decisions that on appeal from a decree "sustaining a demurrer to the bill" and no reference is

made in the decree to the grounds of demurrer going to a part or aspect of the bill, only grounds going to the sufficiency of the bill as a whole will be considered, Penton v. Brown-Crummer Investment Co., 222 Ala. 155, 131 So. 14, and where a bill sets up several distinct equities, if complainant is entitled to relief °on one or more, a decree sustaining the demurrer generally is to be referred to the grounds of demurrer addressed to the bill as a whole. Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417; Steele v. Freeman, 250 Ala. 336, 34 So.2d 139; Wood v. Estes, 224 Ala. 140, 139 So. 331; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A.L.R. 1413.

The first aspect of the bill relative to complainant's right to separate maintenance shows that the defendant, without cause, ceased to live with her and ordered her to leave their home, which they had erected in the city of Elba; that since said time defendant has refused to support her, although he is a professional man with substantial income. This is a sufficient averment on which to rest a decree for separate maintenance. The contention of appellant that the bill should make some showing as regards the wife's financial status is untenable. The duty of supporting the wife devolves upon the husband, though she may be able to support herself or have a separate estate or other means of support. Waldrop v. Waldrop, 222 Ala. 625, 134 So. 1; Neil v. Johnson, 11 Ala. 615; 101 A.L.R. 442, note.

The matter of the allowance and the amount, however, are within the sound discretion of the court, depending on the circumstances, one of which would be whether the wife is without means. Murray v. Murray, 238 Ala. 158, 189 So. 877; Higgins v. Higgins, 222 Ala. 44, 130 So. 677.

Since the first aspect of the bill was good and the decree overruling the demurrer generally is referred to the bill as a whole and is interpreted as a failure on the part of the trial court to rule with reference to the several aspects of the bill, it results that the decree is due to be affirmed.

We regard it, however, as appropriate to refer to some well established legal principles for future guidance of the trial court with reference to the second aspect of the bill. The allegations as regard that aspect are to the effect that the home was erected in the city of Elba during the time complainant and respondent were living together, was furnished in large part with furniture which belonged to complainant at the time of the marriage, and during their married life the parties together, by their joint efforts, have accumulated a reasonable estate, presumably title to which is in appellant. Terrell v. Marion County, 250 Ala. 235(7), 34 So. 2d 160. We approve of brevity and perspicuity in pleading, but this aspect of the bill is entirely too brief and indefinite in its allegations. If the complainant seeks to reinvest herself of her own separate estate, then the bill should so allege and the property should be specifically described. On the other hand, if the complainant seeks to have herself invested with title to or have a division of property accumulated by the parties in their lifetime, title to which was taken in the husband, without any definite agreement or contract that she should have an interest or title therein, then that relief is beyond the scope and purview of a bill seeking separate maintenance. The rule is generally stated in 42 C.J.S., Husband and Wife, § 625(1), P. 263, as follows: "In the absence of statute, the court in a separate maintenance proceeding generally is without power to adjudicate the respective property rights of the parties or award specific property of the husband to the wife; * * *"

Alabama has no statute on the subject. In this jurisdiction separate maintenance allowed to the wife is based upon the husband's earnings or income or earning capacity, not upon the corpus of his estate, and in such proceeding the court cannot divide property between the parties. Wallis v. Wallis, 240 Ala. 439, 199 So. 844. Of such import is the holding in the Wallis Case, where the court made the following pertinent observation:

"The rule also is that such allowance is based upon his earnings or income and

earning capacity, not on the corpus of his estate. Waldrop v. Waldrop, supra; Drew v. Drew, 226 Ala. 43, 145 So. 495; Rogers v. Rogers, 215 Ala. 259, 110 So. 140; Brady v. Brady, 144 Ala. 414, 39 So. 237; Donaldson v. Donaldson, 216 Ala. 259, 112 So. 836. But if not paid as directed, collection may be enforced as of other decrees out of any property subject to the payment of debts. Rogers v. Rogers, supra; Donaldson v. Donaldson, supra.

"The evidence shows that both of them worked hard and long to accumulate this estate. That she had much to do with it. But in such a proceeding, not involving permanent alimony and divorce, the court cannot divide the property between them. Her dower right is not affected, but she cannot get its equivalent without a divorce until his death * * *". 240 Ala. 440, 199 So. 844.

 It is our view, however, that equity would under its general powers have authority in a separate maintenance proceeding to take jurisdiction over the equitable rights of a wife as regards her separate estate, which the husband may have appropriated or borrowed, and deal with it, since her equity therein arose otherwise than from the marriage relation. 42 C.J.S., supra; Spaulding v. Spaulding, 361 Ill. 387, 198 N.E. 136, 631, 101 A.L.R. 433, 442. But to the extent the bill seeks such relief, it should be specific in its allegations to that end, and with respect to which this bill is now signally lacking.

Affirmed.

All the Justices concur.